Rattle, J.
 

 The jurisdiction of the court of equity to restrain by an injunction, the erection or continuance of a nuis-
 
 *85
 
 anee, either public or private, which is likely to produce irreparable mischief, is well established. It is equally well settled that the destruction of, or injury to the health of the inhabitants of a city or town, or of an individual and his family, is deemed a mischief of an irreparable character. In the case of a city or town, where the apprehended injury is clearly proved, the court will not hesitate to grant the injunction, even against the erection or continuance of a water grist mill, though such mills are generally deemed of public benefit, and the building of them has been encouraged and protected by our statute law. See
 
 Attorney General
 
 v. Hunter, 1. Dev. Eq. 12;
 
 Attorney General
 
 v. Blount, 4 Hawks’ 384. In the case of a private nuisance, caused by a mill pond, the .court will interfere indeed, but with more caution and hesitation, both because the public benefit arising from the mill is opposed to the private interest of an individual, and because, where the land of the individual is overflowed, as in most cases it will be, and the damages assessed by a jury therefor, exceed twenty dollars, the party may, at law, by repeated actions, compel an abatement of the nuisance;
 
 Eason v. Perkins,
 
 2 Dev. Eq. 38;
 
 Barnes
 
 v.
 
 Calhoun,
 
 2 Ired. Eq. 199.— See also,
 
 Spencer
 
 v.
 
 London and Birmingham R. R. Co.,
 
 8 Simons, 193.
 

 The same principle which would excite into activity the restraining power of the court, where the health of the community, or of an individual member of it, is in danger of being destroyed or impaired by a mill pond, will be equally ready to interpose its protection, when a similar danger is threatened from the establishment of a cemetery in a city or town, or very near the dwelling house of a private person.— This, we think, was recognised in the case of
 
 Ellison
 
 v.
 
 The Commissioners of Washington,
 
 5 Jones’ Eq. 71, though the decision in that case, on account of its peculiar circumstances, was averse to the application for the injunction. In cases of this kind, the plaintiff will not have to encounter th,e difficulty that a place for the burial of the dead, within the limits of a city or town, or near the residence of a private
 
 *86
 
 person in the country, is considered a matter of public weal. On the contrary, the public sentiment is already, or is becoming to be in favor of more secluded spots, where we, like the Patriarch of old, “may bury our dead out of our sight.”— ’Whenever, then, it can be clearly proved that a place of sep-ulture is so situated, that the burial of the dead there, will endanger life or health, either by corrupting the surrounding atmosphere, or the water of wells or springs, the court will grant its injunctive relief upon the ground that the act will be a nuisance of a kind likely to produce irreparable mischief, and one which cannot be adequately redressed by an action at law. In the present case, the evidence upon which the cause has been brought before us, for a hearing, does not so clearly satisfy ns of the fact of a nuisance, either existing or apprehended, as will justify us in granting an injunction without further enquiry. Under such circumstances, the usual course is to require the party to establish his allegations of a nuisance by an action of law;
 
 Simpson
 
 v. Justice, 8 Ired. Eq. 115, and the cases there cited. That course would be most appropriate, and would be adopted by us, if, as was said in the
 
 Attorney General
 
 v. Hunter,
 
 ubi
 
 supra, “ the right infringed were of a doubtful character, as the right of view over another’s ground.” But, in a case like the present, where the thing complained of is certainly of the character of a nuisance, and the only doubt is, whether the testimony proves that it is so, in the particular case, we think that we can accomplish the same purpose in a manner more convenient to the parties, and quite as satisfactory to ourselves, by directing an issue to be tried in the Superior Court of law for Pitt county, whether the bui'ial of the dead, in the church lot mentioned in the pleadings, has produced, or, if continued, is likely to produce sickness in the plaintiff’s family, or to impair their comfort, either by corrupting the .air or the water in his wells. Let an order be drawn accordingly.
 

 Pee Cubiam, Decree accordingly.