BOARD OF HEALTH OF BUNCOMBE COUNTY, THE CITY OF ASHE-
    VILLE ET AL. v. R. J. LEWIS AND LEWIS MEMORIAL PARK COM-
    PANY.

(Filed 13 February, 1929.)

**1. Appeal and Error—Review—Findings of Fact—Injunctions.**

The Supreme Court on appeal is not concluded by the findings of fact of the lower court in refusing to continue a temporary injunction to the final hearing, but when the order appealed from is based on findings of fact supported by sufficient evidence they will be deemed prima facie correct.

**2. Cemeteries—Control and Regulation—Injunctions—Health.**

Upon findings of fact supported by sufficient evidence that a cemetery was not on the watershed of a city, and that the stream draining the cemetery was already unfit for domestic use, and that the cemetery would not contaminate the stream nor pollute the wells or springs on nearby lands, nor injure the health of the citizens of the city or the residents of the area drained by the stream, and that the resolution of the county board of health in prohibiting the use of the cemetery was unconstitutional and void for the purpose of passing upon the question: *Held,* the dissolving of the temporary injunction restraining the further burial of dead bodies in the cemetery was not erroneous upon the hearing of a notice to show cause why the temporary order should not be continued to the final hearing.

**3. Same—Nuisance.**

Whether the maintenance of a cemetery is a menace to the public health and subject to abatement as a nuisance depends upon the position and

41—196

extent of the burial grounds and especially upon the manner in which the burials are effected, and a cemetery will not be regarded in law as a nuisance *per se.*

**4. Same—County Board of Health—Ordinances.**

> The finding of the county board of health that the maintenance of a cemetery upon the watershed is a nuisance to the public health has not the same force as the positive declarations of statute, and it may be shown in answer to a notice to show cause why an injunction should not be continued to the final hearing that the particular cemetery, as maintained, was not a nuisance entitling the plaintiff to injunctive relief. C. S., 7065.

APPEAL by plaintiffs from *McElroy, J.,* at August Term, 1928, of BUNCOMBE. Affirmed.

Action for permanent injunction, enjoining and restraining defendants from burying human bodies in or upon any portion of a tract of land, situate in Buncombe County, and from establishing and maintaining on said land a cemetery or burial ground for such purpose, and for other relief.

Plaintiffs allege that such use of said land will create a public nuisance, causing them special damage, and that the same will be in violation of an ordinance duly adopted by the Board of Health of Buncombe County, under authority conferred upon said board by the General Assembly of North Carolina. The issues arising upon the pleadings have not been tried, nor has a final judgment been rendered in the action.

At a hearing on 18 August, 1928, pursuant to notice to defendants to show cause why a temporary restraining order theretofore issued should not be continued to the final hearing, an order was made, on motion of defendants, upon facts found by the judge, dissolving, setting aside and vacating said restraining order.

From this order plaintiffs appealed to the Supreme Court.

*Mark W. Brown, Weaver & Patla, Sale & Pennell and J. E. Swain for plaintiffs.*

*Anderson & Howell and Jones & Jones for defendants.*

CONNOR, J. During the spring of 1927, defendant, R. J. Lewis, purchased a tract of land situate in Buncombe County, containing fifteen acres, more or less, and located in Beaverdam Valley. The said R. J. Lewis is a resident of the city of Asheville, where he is engaged in business as an undertaker. He is the owner of the "Lewis Funeral Home," which he conducts in the city of Asheville in connection with his business as an undertaker.

During February, 1928, the said R. J. Lewis conveyed the said tract of land to his codefendant, Lewis Memorial Park Company, a corpora-

tion organized under the laws of the State of North Carolina. The said corporation is authorized to establish and maintain a cemetery or burial ground for dead bodies. The said R. J. Lewis is the principal stockholder of said corporation.

The tract of land now owned by the defendant, Lewis Memorial Park Company, has been graded, laid off into lots, and otherwise prepared for use as a cemetery or burial ground. Three human bodies have been buried in said cemetery, and defendants propose from time to time to bury other bodies therein. The said cemetery has been established and will be maintained and operated by defendants as a business, with a view to making a profit on their investment. Defendants have invested in the purchase of said land, and in making improvements thereon, approximately the sum of $34,000.

The said land is located on the watershed of Beaverdam Creek, which flows through Beaverdam Valley. The area of said watershed is from fourteen to sixteen square miles.

On 16 May, 1928, the plaintiff, Board of Health of Buncombe County, adopted an ordinance in words as follows:

"Whereas, it appears to the undersigned county board of health that the community north of the city of Asheville in said county, commonly known as the 'Beaverdam Valley,' through which flows the Beaverdam Creek and its tributaries, has now become a populous area; and

Whereas, the waters of Beaverdam Creek have heretofore been used to supplement the water supply of the city of Asheville, and is now available for said use; and,

Whereas, some inhabitants of the Beaverdam Valley are using the waters of said Beaverdam Creek for domestic purposes; and,

Whereas, the board, after careful investigation, is of the opinion that the waters of said creek are now being contaminated by the maintenance of cemeteries or burial grounds, in which human bodies are buried, which said contamination this board finds as a fact to be dangerous to public health:

Now, therefore, be it ordained by the county board of health of the county and State aforesaid, pursuant to the power and authority contained in chapter 118 of the Consolidated Statutes of North Carolina, and amendments thereto, that any person, firm or corporation, burying or causing to be buried any human body in any of the lands forming the watershed of the Beaverdam Creek or any of its tributaries, shall be guilty of a misdemeanor, and fined not exceeding fifty dollars ($50), or imprisoned not exceeding thirty (30) days.

That this rule and regulation is in the judgment of this board necessary to protect and advance the public health, and shall be in full force and effect from date hereof."

BOARD OF HEALTH v. LEWIS.

This action was begun on 27 July, 1928. The plaintiffs are (1) the Board of Health of Buncombe County, charged by statute with the duty of making such rules and regulations as in their judgment may be necessary to protect and advance the public health; (2) the city of Asheville, a municipal corporation, authorized by its charter to supply water to its citizens and to others, for drinking and domestic purposes, by means of a public water system, and (3) residents of Beaverdam Valley who maintain homes therein, and use for drinking and domestic purposes water from springs situate near the land owned by defendants.

In their complaint plaintiffs allege "that the waters from the Beaverdam Creek and its tributaries impounded in the lake, known as Beaver Lake, have heretofore been used by the city of Asheville as an emergency supply of water for the city of Asheville in supplying its citizens; and as the plaintiffs are advised, informed and believe is available to the city of Asheville and its citizens at any time in the future when the same may be needed to supplement the supply of the city of Asheville in case of drought, bursting of lines or reservoirs or for any other emergency, and that certain of the individual plaintiffs herein have springs located upon their lands at their homes in Beaverdam Valley from which the waters thereof are used for drinking and all other domestic purposes; and the other individual plaintiffs are users along with the other citizens of Asheville and Beaverdam Valley of the city's water supply for drinking and all other purposes."

The other material allegations of the complaint are as follows:

"10. That these plaintiffs are advised, informed and believe that the defendants, R. J. Lewis, undertaker, and Violet Hill Memorial Park Company, Inc. (now Lewis Memorial Park Company), in utter disregard of the rules, regulations and ordinances passed by the said county board of health as aforesaid, for the protection of the health and welfare of the citizens of Beaverdam Valley and Buncombe County, and in complete contempt for the authority of the said county board of health, and in utter disregard of the rights of the plaintiffs and other citizens of said county, have already buried one or more human bodies upon said lands in violation of the law; and unless restrained, plaintiffs verily believe they will, at a very early date inter and bury a large number of human bodies upon said lands in violation of the ordinances, rules and regulations passed for the welfare of said community and to the great injury of the plaintiffs in this case and the public in general.

"11. That the plaintiffs are advised, believe and so aver that the burial of said dead human bodies upon said lands as contemplated, threatened and proposed by the said defendants, will create a public nuisance and on account of the odors, seepage and other deleterious and injurious odors, vapors and drainage arising from and seeping out from decaying human

flesh will greatly jeopardize the lives and well being of the plaintiffs in this case and the citizens of said section of Buncombe County and all who use the waters from Beaver Lake or from springs in the vicinity of said section."

. Answering the foregoing allegations, defendants admit that they have buried three human bodies in the cemetery which they have established on their tract of land described in the complaint, and that they intend to bury other bodies therein; they deny, however, that the burying of said bodies in said land has caused or will cause injury to the plaintiffs or to others, or has endangered or will endanger the public health. They allege that the ordinance adopted by the board of health of Buncombe County, forbidding the burial of human bodies in any of the lands forming the watershed of Beaverdam Creek or any of its tributaries, is void, for that: first, the said board of health is without power to adopt said ordinance; and, second, that said ordinance is unreasonable and arbitrary.

Pending the trial of the issues arising on the pleadings in this action, a restraining order was issued on 27 July, 1928, temporarily restraining and enjoining defendants from burying in or upon the land described in the complaint human bodies contrary to the order, regulation and ordinance of the board of health of Buncombe County, adopted on 16 May, 1928. Upon the hearing, pursuant to notice to defendants to show cause why said temporary restraining order should not be continued to the final hearing, the court found the facts pertinent to the order to be made by it, with respect to said matter, as follows:

"1. That Beaver Lake and Beaverdam Creek are not part of the Asheville public water supply, and do not belong to the Asheville waterworks.

2. That the waters in Beaverdam Creek and Beaver Lake are unfit for drinking purposes, and are polluted and contaminated, and are unfit for consumption as part of the Asheville water supply, or for any other domestic purpose.

3. That cemeteries have been operated and conducted on Beaverdam Creek, and bodies of human beings have been buried in cemeteries located on said Beaverdam Creek for one hundred and twenty (120) years.

4. That the waters of Beaverdam Creek and Beaver Lake have not been contaminated as a result of the burial of dead human bodies in cemeteries located on Beaverdam Creek, and that the burial of dead human bodies in the cemetery of the defendants located on the east side of Beaverdam Creek in Beaverdam Valley will not pollute the waters of the wells, springs, Beaverdam Creek or Beaver Lake.

5. That the health of the complainants and the residents of the Beaverdam Valley will not be injured by the operation of the cemetery of the defendants.

6. That the Beaverdam watershed is from eight to nine miles in length, and an average width of about two miles, and contains from fourteen to sixteen square miles.

7. That the resolution or rule of the board of health of Buncombe County, issued on 16 May, A.D. 1928, prohibiting the burial of human bodies in Beaverdam watershed, is unreasonable, unconstitutional and void."

Upon the foregoing facts it was "ordered, adjudged and decreed, that the temporary injunction and restraining order heretofore issued in the above-entitled action be dissolved, set aside and vacated."

The ultimate relief sought by plaintiffs in this action is (1) the recovery of damages for injuries caused plaintiffs by the burial of human bodies in and on defendants' land; (2) the abatement of the ·nuisance created by the burial of human bodies on defendants' land, by the removal of said bodies therefrom, and (3) a permanent injunction, enjoining and restraining defendants perpetually from maintaining a cemetery on said land, and burying human bodies therein. In support of their prayer for such relief, plaintiffs allege: first, that defendants have created, by the burial of bodies on said land, a public nuisance, which has caused special damages to plaintiffs, and that unless enjoined and restrained by the court, defendants will maintain said nuisance to plaintiffs' great damage; and, second, that defendants, by their violation of an ordinance adopted by the board of health of Buncombe County, have caused and by their continued violation of said ordinance will continue to cause great injury to plaintiffs.

Pending the final hearing of the action, plaintiffs contend that they are entitled to a continuance of the temporary restraining order heretofore issued, to said final hearing. Whether or not, upon the final hearing, plaintiffs will be entitled to the ultimate relief which they seek in this action, is not now presented for decision. The only question presented by this appeal is whether or not there was error in the order dissolving, setting aside and vacating the temporary restraining order, upon the facts found by the court.

The facts found by the judge from the affidavits offered as evidence upon the hearing of defendants' motion that the temporary restraining order be dissolved, are not conclusive upon plaintiffs' appeal to this Court. His findings of fact are, however, presumed to be correct, and as they are supported by the evidence, they will not be disturbed. *Lineberger v. Cotton Mills, ante,* 506; *Wentz v. Land Co.,* 193 N. C., 32, 135 S. E., 480; *Cameron v. Highway Commission,* 188 N. C., 84, 123 S. E., 465; *Sanders v. Ins. Co.,* 183 N. C., 68, 110 S. E., 597.

Plaintiffs' assignments of error based upon their exceptions to the several findings of fact, other than the finding that the ordinance

adopted by the board of health is unreasonable, unconstitutional and void, cannot upon any phase of the case be sustained. These findings of fact are sufficient to support the order dissolving the temporary restraining order, at least insofar as said order enjoined and restrained defendants from maintaining a cemetery on their land, upon the allegation that same was a public nuisance, causing special damage to plaintiff. The finding of fact with respect to the validity of the ordinance adopted by the board of health of Buncombe County, is not material on the question as to whether the burial of human bodies in defendants' land, and the maintenance of a cemetery or burial ground thereon, will constitute a nuisance, resulting in damage to the plaintiffs. The findings of fact set out in the judgment, other than the fact that said ordinance is unreasonable, unconstitutional and void, are sufficient to support the order dissolving, setting aside and vacating the temporary restraining order. The judge, in effect, found, for the purposes of defendants' motion, upon this phase of the case, that the burial of dead bodies in defendants' land, and the maintenance of a cemetery thereon by defendants will not constitute a nuisance, as alleged by plaintiffs.

It has been generally held in this and in other jurisdictions that a cemetery, in which the dead have been or will be buried, is not a nuisance *per se*. In *Ellison v. Commissioners,* 58 N. C., 57, this Court reversed the order of the court below, refusing to dissolve an injunction, enjoining and restraining the defendants from maintaining a public cemetery on land adjoining the lands of the plaintiff, and making said injunction perpetual. *Manly, J.,* writing the opinion for the Court, says: "A consideration of the subject-matter of this complaint, as disclosed by the pleadings, leads us to the conclusion that a place of interment of the dead is not necessarily a nuisance, but that this must depend upon the position and extent of the grounds, and especially upon the manner in which the burials are effected. The dead must be disposed of in some way, and burial in the earth, suggested by the received revelation of man's origin and destiny, is that most generally resorted to." In *Clark v. Lawrence,* 59 N. C., 83, a bill was filed to obtain an injunction to restrain the defendant, who was the trustee of a Baptist congregation in the town of Greenville, from permitting the churchyard to be used as a cemetery. The cause was transferred by consent, under the practice then obtaining, from the court of equity of Pitt County to this Court. Upon consideration of the pleadings, exhibits and proofs, it was ordered that an issue be tried in the Superior Court of Law for Pitt County, to determine "whether the burial of the dead in the church lot mentioned in the pleadings has produced, or, if continued, is likely to produce, sickness in the plaintiff's family, or to impair their comfort, either by corrupting the air or the water in his wells." *Battle, J.,* says:

"Whenever, then, it can be clearly proved that a place of sepulture is so situated that the burial of the dead there will endanger life or health, either by corrupting the surrounding atmosphere, or the water of wells or springs, the court will grant its injunctive relief upon the ground that the act will be a nuisance of a kind likely to produce irreparable mischief, and one which cannot be adequately redressed by an action at law."

While, therefore, a cemetery in which the dead have been and will be buried, is not a nuisance *per se*, it may be shown that a particular cemetery, by reason of facts and circumstances affecting it, is a nuisance, and upon such showing, an injunction will be decreed, permanently enjoining and restraining the burial of dead bodies in such cemetery. In an action for such injunction, upon the finding by the judge that the cemetery or burial ground is and will continue to be a nuisance, a temporary restraining order will be issued, and after a hearing upon due notice to defendants, the order will be continued to the final hearing, when issues arising upon the pleadings involving the question as to whether the cemetery is a nuisance will be tried and determined. In the instant case, the judge having found for the purposes of the hearing that the cemetery in which defendants have buried dead bodies, is not a nuisance, and will not constitute a nuisance, if such bodies shall be buried therein, there was no error in dissolving the temporary restraining order for that reason.

Plaintiffs contend, however, that the findings of fact made by the board of health of Buncombe County, as the ground for the adoption of the ordinance, recited therein, are conclusive, and that therefore it was error for the judge to hear and consider affidavits offered by defendants to the contrary. This contention is presented more particularly by the assignment of error based on the exception to the finding that the ordinance is unreasonable, unconstitutional and void.

The principle that a statute enacted by the General Assembly, in the exercise of the police power of the State, to protect the public health, cannot be challenged by an allegation that the use of private property prohibited by the statute does not in fact endanger the health of the public, is not decisive of this contention. In *Board of Health v. Commissioners,* 173 N. C., 250, 91 S. E., 1019, it is said that "the conservation and protection of the public water supply are peculiarly within the police power of the State, referred very largely to the legislative discretion, entirely so with us, unless it clearly offends against some constitutional principle, and the Legislature, in the exercise of such powers, having forbidden the use of such stream for the purpose and in the manner described, its decision on the facts presented must be accepted as final, and defendants required to conform to the requirements of the law."

---

There is manifestly, we think, a distinction between a statute enacted by the General Assembly, and a rule, regulation or ordinance made or adopted by a county board of health, under statutory authority. The General Assembly has the power and authority to enact statutes, subject only to constitutional limitations; whereas a board of health has only such power to make rules and regulations and to adopt ordinances as has been conferred upon it by statute. A county board of health, in this State, has the immediate care of and responsibility for the health interests of the county. It has the power to make such rules and regulations as are in its judgment necessary to protect and advance the public health. C. S., 7065. When the validity of a rule or regulation made by a board of health is challenged upon the ground that the facts found by the board as justification for the same are not true, the finding is not necessarily conclusive. One whose rights of person or of property are injuriously affected by the rule or regulation will be heard by the courts upon his allegation that the facts are otherwise than as found by the board. As said in *S. v. Higgs,* 126 N. C., 1014, 35 S. E., 473, if a thing is not in fact a nuisance, calling it a nuisance does not make it so. To hold otherwise might result in the deprivation of rights of person or property without due process of law. 12 R. C. L., 1281.

It was not error for the judge in the instant case to hear and consider evidence offered by defendants in support of their contention that the facts did not justify the adoption of the ordinance by the board of health of Buncombe County. Nor was it error to find from the evidence offered at the hearing, for the purpose only of passing on defendants' motion, that the ordinance was unreasonable and therefore void. The order dissolving the temporary restraining order is

Affirmed.