R. E. SURRATT v. GEORGE E. DENNIS ET AL.

(Filed 26 November, 1930.)

**Cemeteries B a—Where it is found upon supporting evidence that use of land as cemetery would endanger public health such use may be enjoined.**

The facts found by the trial judge in his order, supported by evidence, restraining the use of lands for a cemetery for the reason of injury to health of those living near and of special injury to the plaintiff are conclusive upon the Supreme Court on appeal, and the order will be sustained in equity on the ground that the law cannot afford an adequate remedy in awarding damages.

APPEAL by defendants from *Schenck, J.,* at August Term, 1930, of GUILFORD. Affirmed.

This is an action to restrain the defendants from using the land described in the complaint as a cemetery for the burial of the dead, on the ground that such use of said land will constitute a public nuisance, causing plaintiff, who resides on land owned by him and located within a short distance from said land, special damages.

The action was heard on motion of plaintiff that defendants show cause why a temporary restraining order theretofore issued therein should not be continued to the hearing.

From judgment on the facts found by the court that the temporary restraining order be continued to the hearing, in accordance with the motion of the plaintiff, the defendants appealed to the Supreme Court.

*Frazier & Frazier for plaintiff.*
*A. M. Scarborough and King, Sapp & King for defendants.*

CONNOR, J. From the affidavits and other evidence offered at the hearing, the court found as a fact that the health of the plaintiff, and of other residents of the community in which the land described in the complaint is located, will be injured by the use of the said land as a cemetery for the burial of the dead. There was evidence in support of this and other findings of fact, upon which the judgment was rendered. The findings of fact which are set out in the judgment as required by C. S., 569, will therefore not be disturbed. *Board of Health v. Lewis,* 196 N. C., 641, 146 S. E., 592, and cases cited therein.

In *Clark v. Lawrence,* 59 N. C., 83, the principle of law applicable to this appeal is stated by *Battle, J.,* as follows: "Whenever, then, it can be clearly proved that a place of sepulture is so situated that the burial of the dead there will endanger life or health, either by corrupting the surrounding atmosphere, or the water of wells or springs, the court will grant its injunctive relief upon the ground that the act will be a nuisance of a kind likely to produce irreparable mischief, and one which cannot be adequately redressed by an action at law." This principle is approved in *Board of Health v. Lewis,* 196 N. C., 641, 146 S. E., 592. In that case it is said: "While, therefore, a cemetery in which the dead have been and will be buried, is not a nuisance *per se,* it may be shown that a particular cemetery, by reason of facts and circumstances affecting it, is a nuisance, and upon such showing, an injunction will be decreed, permanently enjoining and restraining the burial of dead bodies in such cemetery. In an action for such injunction, upon the finding by the judge that the cemetery or burial ground is and will continue to be a nuisance, a temporary restraining order will be issued, and

after hearing upon due notice to defendants, the order will be continued to the final hearing when issues arising upon the pleadings involving the question as to whether the cemetery is a nuisance will be tried and determined."

It is generally held that a Court of Equity has jurisdiction to enjoin the use of land as a cemetery, for the burial of the dead, where it is found by the court that such use will create a public nuisance, resulting in special damages to the plaintiff. 11 C. J., p. 56, sec. 16, and cases cited in notes. 5 R. C. L., p. 235, sec. 3, and cases cited in notes.

The judgment in the instant case is well supported by the facts found by the court and is, therefore,

Affirmed.