JOHN R. WENTZ v. PIEDMONT LAND COMPANY, J. C. HURLEY, P. C. WHITLOCK, TRUSTEE, ALFRED W. BROWN, AND JOHN M. WILSON AND J. M. PORTER, PARTNERS, TRADING UNDER THE FIRM NAME OF WILSON & PORTER.

(Filed 12 January, 1927.)

1. Injunction—Restraining Order—Continuance to Hearing.

Where the plaintiff in injunction makes it to appear that his remedy at law is inadequate and that he may probably succeed in establishing that he would otherwise sustain irreparable loss, and the rights of all parties preserved, the restraining order theretofore issued will be continued to the hearing of the case.

**2. Appeal and Error—Injunction—Evidence—Review.**

> Upon appeal the Supreme Court may review the evidence upon which the Superior Court judge has acted on the hearing before him, and continued the restraining order.

APPEAL by defendants from *Schenck, J.,* Superior Court of MECK-LENBURG County, continuing to the hearing a temporary injunction, heard at Chambers, Gastonia, N. C., on 27 August, 1926. Affirmed.

The order is as follows: "This cause by agreement of counsel coming on to be heard before me this day on the order of his Honor, R. A. Nunn, judge, to show cause why the injunction sued for be not continued to the hearing (the same having been continued from time to time by consent of counsel), and being heard upon the pleadings, exhibits and affidavits filed therein, after hearing of argument by counsel, and the court being of the opinion and finding as a fact from the pleadings, exhibits and affidavits that there is probable cause that the plaintiff will be able to make out his case on final hearing, and it appearing from the pleadings that serious questions of facts are raised to be passed on by a jury at the final hearing: Now, therefore, it is ordered and adjudged that the injunction heretofore granted be, and the same is continued in full force and effect to the hearing, that is to say, the defendant, P. C. Whitlock, trustee, is forbidden and restrained from consummating or taking any further action to consummate the foreclosure or sale under deed of trust of the tract of land described in paragraph four of the complaint herein, and also the contract attached to the complaint and marked 'Exhibit A'; that the defendants J. C. Hurley and A. W. Brown, and each of them are forbidden and restrained from selling, assigning, transferring or disposing of in any manner whatsoever, that certain promissory note dated 1 May, 1924, executed by W. C. Rankin, Howard L. Hopkins and T. Roach Garrison, payable to George Stephens on the ........ day of ............. after date in the sum of seventy-five hundred dollars ($7,500.00), and endorsed by said George Stephens and now held by defendant, J. C. Hurley, or the defendant, Alfred W. Brown, as agent or trustee, for said J. C. Hurley, or both of them, and secured by a deed of trust described in paragraph two of the complaint, recorded in the office of the register of deeds for Mecklenburg County, in Book 570, page 220. This order shall become effective upon the plaintiff filing with the clerk of the Superior Court of Mecklenburg County a good and sufficient bond in the sum of five thousand dollars ($5,000.00), conditioned upon his saving the defendants harmless from any loss or damage occasioned by the granting of this order if it shall hereafter be determined that the same was improvidently granted." The undertaking of John R. Wentz was duly given, in accordance with the order of Schenck, J.

The defendants' only assignment of error is "that the court erred in signing the order continuing the restraining order to the hearing."

*J. Laurence Jones and J. L. DeLaney for plaintiff.*
*Whitlock, Dockery & Shaw for defendants J. C. Hurley and P. C. Whitlock, trustee.*
*Carswell & Ervin for defendant Piedmont Land Co.*

CLARKSON, J. The rights of the parties to the controversy are complicated. Certain principles of law are applicable when the facts are ascertained. On the record, as to material facts, there is serious conflict. In injunction proceedings this Court has the power to find and review the findings of fact on appeal, but the burden is on the appellant to assign and show error, and there is a presumption that the judgment and proceedings in the court below are correct.

Plaintiff has given bond, in accordance with the order continuing the injunction to the hearing, "conditioned upon his saving the defendants harmless from any loss or damage," etc.

From a careful study of the entire record, we can find no reversible error in the order of the court below.

In *Seip v. Wright,* 173 N. C., at p. 15, it is held: "Where it will not harm the defendant to continue the injunction, and may cause great injury to the plaintiff, if it is dissolved, the court generally will restrain the party until the hearing. *McCorkle v. Brem,* 76 N. C., 407; where serious questions were raised. *Harrington v. Rawls,* 131 N. C., 40; or where reasonably necessary to protect plaintiff's rights, *Heilig v. Stokes,* 63 N. C., 612. . . . If the plaintiff has shown probable cause or it can reasonably be seen that he will be able to make out his case at the final hearing, the injunction will be continued is another way of stating the rule," and cases cited. *Cab Co. v. Creasman,* 185 N. C., p. 556; *Johnson v. Jones,* 186 N. C., p. 235; *Plott v. Comrs.,* 187 N. C., p. 125; *Brinkley v. Norman,* 190 N. C., p. 851.

In *Hurwitz v. Sand Co.,* 189 N. C., p. 6, it is said: "A court of equity looks always towards doing justice to the parties and in good conscience protecting their rights until the final adjudication of the controversy through the courts. . . . The courts of equity are gradually adjusting themselves to modern conditions and look to what in good conscience is for the best interest of the litigants, without resorting to any hard or fast rule."

For the reasons given, the order of the court below is
Affirmed.