R. B. LINEBERGER v. RUBY COTTON MILLS, INC.

(Filed 16 January, 1929.)

**1. Injunction—Grounds of Relief—Irreparable Loss—Equity.**

It is the province of equity to prevent by injunctive relief a continuance of unlawful conditions that work irreparable loss to the plaintiff in the suit.

**2. Appeal and Error—Review—Burden of Showing Error—Injunction.**

The appellant from the denial of the Superior Court judge to grant injunctive relief must show error of the lower court, and where the judgment of the lower court does not show upon what state of facts the relief in equity was denied, and they are not otherwise made to appear, the judgment below will be affirmed in the Supreme Court, especially if it is made to appear that the plaintiff is a party in another and independent action wherein he could set up the same relief as sought in the present action.

APPEAL by plaintiff from *Harding, J.,* at August Term, 1928, of GASTON. Affirmed.

This was an action for actionable negligence brought by plaintiff against defendant, a textile manufacturing plant. Plaintiff alleges that defendant is emptying its sewer, which flows into Little Catawba Creek above plaintiff's land, causing damage. This is denied by defendant. Plaintiff prays injunctive relief.

At the hearing the court below rendered the following judgment: "This cause coming on to be heard upon the motion of the plaintiff for a restraining order, and being heard upon the complaint and affidavits for plaintiffs, and the answer and affidavits for the defendant, and the argument of counsel for both plaintiff and defendant: It is considered, ordered, adjudged and decreed that the motion for the restraining order be, and the same is denied."

*B. Capps and J. L. Hamme for plaintiff.*
*Cansler & Cansler, Mason & Mason and A. C. Jones for defendant.*

CLARKSON, J. "Injunction has been styled the 'strong arm' of equity to be used only to prevent irreparable injury," etc. See *Hurwitz v. Sand Co.,* 189 N. C., at p. 4.

It is contended by defendant: "It may be that appellant (plaintiff) suffers as complained of, which is denied, but the appellee denies that it has caused or contributed to the inconvenience or injury of appellant. If the appellant has suffered the injury alleged, it is contended that the overwhelming proof is that the cause for same is not to be attributed to any act of the appellee or its septic tank, but to other and independent causes not connected with appellee or for which it is in any way responsible. It is to be noted that appellant alleges that other disposal plants contribute to the alleged conditions on his lands, and the contention of appellee is that these independent causes are the sole cause of the alleged injury and nuisance, if any exists."

The law, as stated in *Wentz v. Land Co.,* 193 N. C., at p. 34, is as follows: "In injunction proceedings this Court has the power to find and review the findings of fact on appeal, but the burden is on the appellant to assign and show error, and there is a presumption that the judgment and proceedings in the court below are correct." *Leaksville Woolen Mills v. Spray Water Power and Land Co.,* 183 N. C., 511; *Cameron v. Highway Commission,* 188 N. C., 84.

In the present case the court below upon the hearing found no facts, but denied the restraining order.

In *Finger v. Spinning Co.,* 190 N. C., p. 74, the court below found the facts and enjoined the defendants, and quoted from *Rhyne v. Mfg. Co.,* 182 N. C., at p. 493, as follows: "The defendant must attain its ends, advance its interests, or serve its convenience, by some method, whether in improving its sewerage system or otherwise, which shall be in accordance with the age-old maxim that a man must use his own property in such a way as not to injure the rights of others—*'Sic utere tuo, ut alienum non laedas.'* " We adhere to the principles so well stated in the opinions in the above cases.

The plaintiff seeks the extraordinary power of injunctive relief. The court below denied the restraining order. The burden is on appellant to show error. The presumption is that the judgment in the court below is correct. The defendant in this action is also defendant in the action in *Lineberger v. City of Gastonia, Winget Yarn Mills Company, Ruby Cotton Mills, Inc., and Dixon Mills, Inc., ante,* 445, for the same alleged wrong that injunctive relief is sought in this action. The decision in that action, under the allegations of the complaint, hold that all the defendants are *tort-feasors* and the demurrers are overruled and all the defendants are properly joined. The record, as now presented to this Court, shows the present action against the defendant, Ruby Cotton

Mills, Inc., that the subject-matter is identically the same as the cause in which it is joined with the City of Gastonia and others, *supra*. It may be that other facts will develop in that action not now before us. On the peculiar state of the record concerning both actions, we do not feel that the equitable power of this Court should be brought into play to find the facts or overrule the judgment of the court below, which is presumed to be correct. The judgment is

Affirmed.