NEVER FAIL LAND COMPANY v. S. F. COLE, PAGE TRUST COMPANY AND KYLE MATTHEWS, SHERIFF OF HARNETT COUNTY.

(Filed 25 September, 1929.)

1. **Appeal and Error J a—On appeal in injunction proceedings the evidence is reviewable, but the judgment of the lower court is presumed correct.**

   While the Supreme Court may review the evidence on appeal in injunction proceedings, there remains the presumption that the proceedings and judgment of the lower court are correct with the burden of proof on the appellant to show error.

2. **Replevin G b—Notice to principal of motions in action in claim and delivery is notice to the surety on his bond.**

   The sureties on a replevy bond in claim and delivery are parties of record in an action on the bond before final judgment has been rendered, and notice to the principal on the bond is sufficient notice to the surety of every motion or proceeding made in the ordinary and reasonable purview and compass of the action.

3. **Same—After final judgment notice to the principal on bond in claim and delivery of motions therein is not notice to his sureties.**

   A judgment in claim and delivery proceedings which adjudicate and determine the rights of the parties to the action without reservation of further power by the court to proceed therein is a final judgment, and notice thereafter to the principal on the replevy bond of further proceedings therein on motion of a party, which substantially changes the effect of the judgment, is not notice to the sureties on his bond, the effect of the judgment being to terminate the agency of the principal in such instances, and judgment later rendered on the motion does not affect the liability of the sureties, and as to them it is void.

**4. Landlord and Tenant H a—Landlord has right of lien for rents and advancements on crops of his tenant's subtenant.**

> Where a tenant leases the premises to another who raises a crop thereon, the crops so raised by the subtenant are subject to a lien for advances made to him by his immediate lessor and also to the original lessor or owner of the land, and the latter being a landlord's lien is superior to the lien of the lessor tenant, and the crop is subject to seizure for the payment of rent due to the owner of the land. C. S., 2355.

APPEAL by plaintiff from *Lyon, Emergency Judge,* at April Term, 1929, of HARNETT. Error.

*Material facts:* This is a proceeding for injunction to restrain Kyle Matthews, the sheriff of Harnett County, from selling approximately 5,736.32 acres of land of plaintiff that he had advertised to be sold on Monday, 4 July, 1927, under an execution on an alleged judgment in favor of S. F. Cole and Page Trust Company *v.* S. J. Cooper and S. S. Puckett and Never Fail Land Company, sureties on a replevy bond signed by them. The plaintiff's contention was to the effect:

(1) That it rented its farm land above mentioned the year 1922 to one S. S. Puckett, who agreed to pay plaintiff one-fourth of all crops raised or caused to be raised on the land in said year and advancements made and expenses incurred in making and saving the crops, and Puckett on said contract was indebted to it in the sum of about $1,600.

(2) That Puckett, without plaintiff's consent, subrented the land to one S. J. Cooper, who is largely indebted to Puckett.

(3) That on 2 January, 1923, the defendant, S. F. Cole, took claim and delivery for "All my (S. J. Cooper's) interest in tobacco grown on the Pine View Farm and Puckett Farm, at least 20 acres grown in tobacco in the year 1922." This was done under chattel mortgage made to S. F. Cole by S. J. Cooper. That under said proceeding the sheriff of Harnett County seized on 2 January, 1923, about 2,500 pounds of tobacco raised on the land plaintiff rented to Puckett; that as landlord it has a lien for rent and advances, and it was the property of plaintiff until said rent and advances were paid.

(4) That S. F. Cooper replevied the said tobacco and S. S. Puckett and J. M. Cooper signed the replevy bond as sureties, and the surety bond was also signed by the plaintiff, Never Fail Land Company, by F. W. Hancock, Jr., president.

(5) That the case of S. F. Cole *v.* S. J. Cooper came on for trial at February Term, 1925, of the Superior Court of Moore County, and the following issues were submitted to the jury, and their answers thereto:

"1. Is the defendant indebted to the plaintiff, if so, in what sum? Answer: Yes, the principal sum of $1,135, with interest from 13 January, 1922.

2. Did the defendant convert to his own use the tobacco described in the complaint, or any part thereof? Answer: Yes.

3. What is the value of the tobacco so converted? Answer: $1,400.

4. What was the value at the time of its seizure of the tobacco seized under claim and delivery and replevied by defendant? Answer: $700."

That the judgment at said term (part material for consideration of the case) was as follows: "It is further decreed, ordered and adjudged, that plaintiff further recover judgment against S. S. Puckett and Pineview Farms Company in the sum of $1,500, the penalty of the replevy bond in this action signed by them as sureties, to be discharged upon the payment of $700, the value of the tobacco replevied as fixed by the verdict of the jury, and the further payment of the costs of this action, to be taxed by the clerk. The judgment had no reservations for other and future directions of the court and transcripts were docketed in Moore and Harnett counties.

(6) That on 29 November, 1926, the plaintiff in the action entitled 'S. F. Cole v. S. J. Cooper,' filed a motion in the Superior Court of Moore County to set aside the judgment obtained in the said action at the February Term, 1925, for the purpose of having two additional issues submitted to the jury with respect to the identity of the tobacco seized by the sheriff under the claim and delivery writ and the ownership of said tobacco, to have the judgment resigned upon all the issues answered by the jury against the defendant and his sureties, and to have the judgment pronounced and rendered in favor of S. F. Cole, to the use of the Page Trust Company; that notice of the said motion was served on S. J. Cooper, the defendant in said action, on 29 November, 1926, but that no notice of said motion was served on the plaintiff, Never Fail Land Company; that the said S. J. Cooper accepted service of said notice and consented to the motion being granted.

(7) That in accordance with said motion, the said action of S. F. Cole v. S. J. Cooper was reopened at the December Term, 1926, of the Superior Court of Moore County, and the following issues were submitted:

'(1) Was the tobacco seized by claim and delivery in this proceeding and replevied by the defendant with S. S. Puckett and Never Fail Land Company, as sureties, a portion of the tobacco described in the mortgage set out in the complaint? Answer: Yes.

(2) Was the plaintiff the owner and entitled to the possession of all of the tobacco described in the complaint at the beginning of this action by virtue of the chattel mortgage therein described? Answer: Yes.'"

That at the December Term, 1926, of the Superior Court of Moore County, judgment was rendered in the said action, which said judgment is entitled "S. F. Cole (to the use of Page Trust Company) the plaintiff, v. S. J. Cooper, defendant." That the said judgment, among other

things, decrees as follows: "It is further decreed, ordered and adjudged, that plaintiff is the owner of the tobacco replevied by defendant with S. S. Puckett and Never Fail Land Company as his sureties on his replevy bond; and that he recover possession of the same; that plaintiff further recover judgment against S. S. Puckett and Never Fail Land Company, as sureties on defendant's replevy bond, the sum of $1,500, the penalty of the replevy bond in this action signed by them as sureties, to be discharged upon the delivery to the plaintiff of the tobacco described or upon the payment of $700, the value of the said tobacco replevied as fixed by the verdict of the jury, and the further payment of the costs of this action, to be taxed by the clerk. It being made to appear that Page Trust Company is the beneficial owner of this judgment, it is ordered that the recovery herein adjudged is for the use and benefit of Page Trust Company."

The defendants, in regard to the judgment at February Term, 1925, in their answer state: "That in drawing the judgment signed, the name of the corporate surety thereon was inadvertently set out as Pine View Farm Company."

Other material facts will be set forth in the opinion.

*Marshall T. Spears for plaintiff.*
*Hoyle & Hoyle for defendants.*

CLARKSON, J. This is an injunction proceeding.

In *Hyatt v. DeHart,* 140 N. C., at p. 271, the law as stated: "Ordinarily, the findings of fact by the judge below are conclusive on appeal. While this is not true as to injunction cases, in which we look into and review the evidence on appeal, still there is the presumption always that the judgment and proceedings below are correct and the burden is upon the appellant to assign and show error." *Seip v. Wright,* 173 N. C., 14; *Wentz v. Land Co.,* 193 N. C., 32.

In *Long v. Meares,* 196 N. C., 212-3, speaking to the subject of the principal binding a surety on a replevy bond, the following principle is laid down: "While, of course, it is fully recognized in this jurisdiction that extension of time granted to the principal or other acts which may result in substantial prejudice to the surety will discharge such surety; nevertheless, this principle does not apply to a replevin bond given in a pending suit in conformity with the provisions of the statute. The reason is that, in such cases, sureties on such bonds within the limits of their obligation are considered parties of record, and the defendant, their principal, becomes their duly constituted agent to bind them by compromise or adjustment or in any other manner within the ordinary and reasonable purview and limitation of the action. *McDonald v.*

*McBryde,* 117 N. C., 125, 23 S. E., 103; *Wallace v. Robinson,* 185 N. C., 530, 117 S. E., 508; *Trust Co. v. Hayes,* 191 N. C., 542, 132 S. E., 466." 2 R. C. L., p. 316.

It appears of record, and is not denied by defendants, that the notice to the principal in the judgment in Cole *v.* Cooper was made 29 November, 1926, and the original judgment was modified some twenty-two months after the rendition of said original judgment, and no notice of such motion was given to the plaintiff, Never Fail Land Company, the surety on the replevy bond.

The question presented for our decision: After a final judgment is rendered in an action against a principal and not against the surety on a replevy bond in claim and delivery, at Fall Term, 1925, can notice to the principal, but not to the surety, to modify the judgment made 29 November, 1926, and judgment taken against the principal and surety at December Term, 1926, some twenty-two months after, be binding on the surety? We think not.

Defendants in their brief say: "There can be no question that the judgment of February, 1925, Term, was a final judgment against Cooper until he consented to amend or correct it." This is true as to Cooper, but his agency as to Never Fail Land Company, his surety, was at an end.

C. S., 592, is as follows: "A judgment is either interlocutory or the final determination of the rights of the parties in the action." A judgment is final which decides the case upon its merits without reservation for other and future directions of the court. *Sanders v. May,* 173 N. C., 47; *Simmons v. Dowd,* 77 N. C., at p. 157; *Polson v. Strickland,* 193 N. C., at p. 301.

In *Bunker v. Bunker,* 140 N. C., at p. 24, the following observations are made: "That this was a final judgment there can be no doubt. It possessed all of the elements and characteristics of such a judgment. It decided the case upon its merits, without any reservation for other and future directions of the court, so that it was not necessary to bring the case again before the court; and when it was pronounced, the cause was at an end and no further hearing could be had. *Flemming v. Roberts,* 84 N. C., 532; *McLaurin v. McLaurin,* 106 N. C., 331."

We think that when final judgment was taken at February Term, 1925, in the case of Cole *v.* Cooper, the agency of Cooper as a principal on a replevy bond to bind his surety was at an end. The judgment was a revocation of agency. 1 Freeman on Judgments (5th ed.), at pp. 340-1, states the matter thus: "In view of the broad power of the court to vacate, alter or amend a judgment during the term at which it was rendered, where that power exists notice would seem to be unnecessary to its valid exercise, and it has been so held. On the other hand, it has

been frequently said that notice should be given of proceedings initiated after the expiration of the term, even to correct a clerical error or to make the record speak the truth. This is certainly true with respect to an amendment in a matter of substance which changes the rights or liabilities of the adverse party. Such a change in a judgment, whereby it is made to grant relief different from that granted when it was rendered, is absolutely void as against a party having no notice of the application to thus amend it."

Plaintiff is standing on its strict legal rights. It was Cole's misfortune to inadvertently name the surety on the bond as Pine View Farm Company, instead of Never Fail Land Company, which was the surety on the bond. We see nothing in the record that estops plaintiff. The fact that it received the proceeds of the tobacco was nothing inequitable. The record discloses that S. J. Cooper was the subtenant of S. S. Puckett, who was the tenant of the Never Fail Land Company. The referee found "that the said tobacco so seized was raised by the said S. J. Cooper on the said lands so leased during the year 1922; that the said S. J. Cooper is indebted to the said S. S. Puckett, as his landlord, in the sum of $509.91 for rents and advancements for the year 1922; and that the said S. S. Puckett is indebted to the Never Fail Land Company as his landlord, in the sum of approximately $1,600 for rents and advancements for the year 1922."

The landlord's right to the crop to secure payment of rent is not impaired by the subletting of his tenant. The subtenant's crop may thereby be subjected to a double lien, that of the landlord and that of his immediate lessor, but the lien of the landlord is paramount. *Montague v. Mial,* 89 N. C., 137; *Moore v. Faison,* 97 N. C., 322, 324; *S. v. Crook,* 132 N. C., 1053, 1054. C. S., 2355.

In *Crook's case, supra,* any one aiding or abetting the subtenant in removing the crops from the land before the landlord's lien is paid, is guilty of a misdemeanor. The intent is immaterial. C. S., 2362.

The fact that the Never Fail Land Company did not intervene in the action of Cole v. Cooper is no estoppel under the facts disclosed in this case. The principal in a replevy bond may be deemed a statutory agent for the surety, and like any other agent, is bound to exercise the utmost good faith towards his surety; this is common honesty as well as law. In law as in morals "It may be stated that as a principle no servant (the agent) can serve two masters, for either he will hate the one and love the other or else he will hold to the one and despise the other." Luke XVI: 13, 21 R. C. L., at p. 827.

Cooper could have set up the superior lien of the landlord Puckett and the Never Fail Land Company, against the claim of Cole. The chattel mortgage of Cooper said "all my interest," etc. He could not,

and did not, give a lien superior to the landlord's. The referee found that Puckett owed the Never Fail Land Company approximately $1,600 for rent and advances. Cooper, under the Landlord Act, although a subtenant of Puckett, was bound for Puckett's rent and advances, which amounted to $1,600. Under all the evidence of record, it shows that the chattel conveyance to Cole, "all my interest," etc., amounted to nothing if the landlord's liens were paid.

The 2,500 pounds of tobacco seized was worth $700, according to the verdict of the jury, and judgment of the court at February Term, 1925. If the Never Fail Land Company got that amount, as found by the referee, it only got a part of what it was entitled to under the law. The law may be hard that the landlord can take the subtenant's crop for the tenant's rent and advances, but it is so written, and has long been the settled law of this jurisdiction.

On all the facts appearing of record, we think the injunction should have been made perpetual. For the reasons given, there is

Error.