L. D. ROEBUCK AND WIFE, HANNAH ROEBUCK, v. J. J. CARSON AND J. L. GURGANUS, TRUSTEE.

(Filed 2 October, 1929.)

**Appeal and Error J a—In injunction proceedings Supreme Court may review evidence, but it is presumed that the judgment is correct.**

   While the Supreme Court may review the evidence and findings of fact by the court below upon appeal in injunction proceedings, the presumption is that the judgment of the lower court is correct, with the burden of showing error on the appellant, and where the court does not find the facts and there is no request therefor, it is presumed that he found the proper and necessary facts, and the judgment will be affirmed.

CIVIL ACTION, before *Moore, Special Judge.* From MARTIN. Heard at Chambers 4 May, 1929.

This case was considered by the Court upon a former appeal reported in 196 N. C., 672, 146 S. E., 708. The only difference in the facts in the present case and upon the former appeal is that it is alleged in the

SALMON v. McFARLAND.

present case that "after the execution and delivery of the notes and deed of trust . . . there was an agreement between plaintiffs and defendant Carson as to the extension of time of payment of the notes above referred to; . . . that the defendant Carson promised and agreed that if the plaintiff, L. D. Roebuck, would pay him the sum of $500 that he (defendant) would extend the time for the payment of the notes above referred to for and during the term of . . . Carson's natural life," etc. Plaintiffs secured a temporary restraining order, returnable before *Clayton Moore, Special Judge,* on 4 May, 1929.

Upon hearing the motion, the following judgment was rendered:

"After considering the pleadings the court is of the opinion and doth adjudge that the restraining order heretofore issued be, and the same is hereby dissolved."

From the foregoing judgment the plaintiffs appealed.

*B. A. Critcher for plaintiffs.*
*Elbert S. Peel for defendants.*

PER CURIAM. The judge dissolved the restraining order, but found no facts. It does not appear that either party requested a finding of facts. In such cases the determinative principle of law is thus stated in *Wentz v. Land Co.,* 193 N. C., 32. "In injunction proceedings this Court has the power to find and review the findings of fact on appeal, but the burden is on the appellant to assign and show error, and there is a presumption that the judgment and proceedings in the court below are correct." *Angelo v. Winston-Salem,* 193 N. C., 207, 136 S. E., 489; *Lineberger v. Cotton Mills,* 196 N. C., 506, 146 S. E., 215. The theory upon which these decisions rest is that it is to be presumed, nothing else appearing, that the judge found the proper and necessary facts to support the judgment.

Affirmed.