The plaintiff is a corporation engaged in the business of making contracts for the installation of talking picture equipment in moving picture theaters. The defendant is engaged in like business and is a competitor of plaintiff. The defendant, Joseph E. Caudell, is operating a talking picture theater in Statesville, N.C. in which there has been installed talking picture equipment supplied by plaintiff. It is alleged by plaintiff that the said Caudell thereafter, desiring to open and operate a second talking picture theater in Statesville, made a contract with plaintiff to install a "Hollywood Junior Phonofilm" in his "Broadway Theater." A copy of the contract is set forth. That plaintiff is ready, willing and able to perform its part of the terms of the contract, but the said Caudell has failed to carry out his part of the contract, although plaintiff has demanded that he comply with same.
That plaintiff is advised, believes and so alleges that the defendants to this action have wrongfully and unlawfully conspired to break the written contract that was entered into between the plaintiff and defendant, Joseph E. Caudell, on 25 September, 1930, and has, in divers and sundry ways, induced the said Joseph E. Caudell, its codefendant, to breach its contract with this plaintiff and to enter into a contract with the said Electrical Research Products, Inc., for talking picture equipment for his said Broadway Theater in Statesville, N.C. That plaintiff is advised and believes, and so alleges, that the said Electrical Research Products, Inc., has not only unlawfully and wrongfully induced the said Joseph E. Caudell to break its contract with this plaintiff, but has further induced the said Joseph E. Caudell to enter into a contract with it, his codefendant, for the installation of the talking picture equipment of said Electrical Research Products, Inc., in the said Broadway Theater, and that the said Caudell is now preparing to have the *Page 145 
equipment of its codefendant so installed in said Broadway Theater, and if it has already been installed to operate said Broadway Theater with the talking picture equipment of the said Electrical Research Products, Incorporated, unless restrained by this court by the proper order made in this cause. That plaintiff is advised, believes and so alleges that the said Joseph E. Caudell is insolvent and cannot be made to respond in damages that will be sustained by this plaintiff if he is allowed to breach his contract with this plaintiff. That it is well nigh impossible for this plaintiff to estimate the damages it will suffer if the defendants are permitted to break the contract now held by this plaintiff with the defendant, Joseph E. Caudell, but it verily believes it has and will be damaged in a sum not less than $25,000.
Wherefore, this plaintiff prays the court: (1) That the defendant, Joseph E. Caudell, be restrained from breaching its contract with this plaintiff and that it be restrained from installing the talking picture equipment of the Electrical Research Products, Inc., or if now installed that he be restrained from operating the said Broadway Theater with any equipment other than that of this plaintiff. (2) That the said Electrical Research Products, Inc., be restrained from installing any of its equipment in the Broadway Theater to be operated by its codefendant, and if already installed that it be required to remove the same from said theater. (3) That it recover of the defendants the sum of $25,000 as damages."
The defendants deny the material allegations of the complaint. The defendants also deny that any contract as alleged by plaintiff was ever entered into between plaintiff and Caudell. The said Caudell, in further answer to plaintiff's complaint, says: "That at the time the said preliminary application was signed by this defendant, he issued his check for the initial payment, but that before the said check was presented to the bank upon which it was drawn this defendant stopped the payment thereof and notified the bank, but that the bank through inadvertence paid the said check, and that the said bank offered afterwards to reimburse this defendant for its failure to stop the payment of said check, but this defendant being indebted to the plaintiff on account of other matters gave notice to the plaintiff that the said check had been paid by the said bank through inadvertence and demanded of the plaintiff that credit for the amount thereof be given to the defendant on account of other claims, and that it was the understanding and agreement between this defendant and the said Griffith (Walter Griffith, southeastern district manager of plaintiff) that unless the defendant desired to execute a binding lease and contract based upon the said application he need not do so, and that the said initial payment should *Page 146 
be applied upon said other indebtedness, and that this defendant decided not to execute the said lease and contract and did not execute them and go further with the transaction. That, not having entered into any contract with the plaintiff, and being under no obligations to the plaintiff, and having refused to proceed any further in his dealings with the plaintiff, and being free to enter into a contract with any one he chose, this defendant got in touch with a representative of the Electrical Research Products, Inc., Mr. E. C. Shriver, and stated to him that he was under no contract or lease with the plaintiff, and in the exercise of his freedom as an American citizen he voluntarily and of his own choice made and entered into a contract with the Electrical Research Products, Inc., to install the talking picture equipment handled by it, pursuant to the terms of said contract, which was entered into on 14 October, 1930; that in pursuance of the said contract the said Electrical Research Products, Inc., shipped by freight to this defendant at Statesville, N.C. the said talking picture equipment, and the same was duly received by this defendant on or about 10 November, 1930, and this defendant immediately made preparations for getting his building, known as the Broadway Theater, in proper shape and condition for the installation of said equipment, employing electricians and carpenters for such purpose, and that said work was being duly carried on until the same was interrupted and put a stop to by the restraining order issued herein." The defendant Caudell set up a counterclaim against the plaintiff for damages.
Edwin C. Shriver, Sales representative for defendant Electrical Research Products, Inc., made an affidavit denying the material allegations of the complaint.
A temporary restraining order was issued which was heard before Clement, J., who rendered the following judgment: "This cause coming on to be heard upon the order to show cause why the temporary injunction and restraining order heretofore issued in this cause should not be continued in force, and the defendant having appeared before the undersigned judge holding the courts of the Fifteenth Judicial District at the courthouse in Asheboro, N.C., on 2 December, 1930, being the return day of said order; and the said matter being heard upon the complaint, the separate answers of the defendants, and the affidavit of Edwin C. Shriver filed by the defendants, and the court after argument and due consideration being of the opinion that the plaintiff is not entitled to an injunction or restraining order: It is therefore ordered and adjudged that the said temporary injunction and restraining order be and the same is hereby vacated and dissolved, and that the issue as to damages be retained on the civil issue docket of this court to be heard and determined in due course by said court at Statesville, N.C. " *Page 147 
The plaintiff excepted to the judgment, assigned error and appealed to the Supreme Court.
We do not think on this record it is necessary to consider the prayer for injunctive relief prayed for by plaintiff against defendants, in respect to a breach of an alleged contract between plaintiff and defendant Joseph E. Caudell, in which it is alleged that the defendant Electrical Research Products, Inc., wrongfully and unlawfully conspired with said Caudell to break his contract with plaintiff, which he did, and install the equipment of the Electrical Research Products, Inc. The court did not find the facts, but the pleadings and affidavit fully warranted the court below in concluding that there was no binding contract between plaintiff and Caudell. The contract relied on in the record states, in part: "Pleaseenter our order for delivery to us of one complete unit of the DeFrost Hollywood Junior Phonofilm, for installation in the Broadway Theater in the city of Statesville, State of North Carolina." There is no acceptance of this offer appearing in the record signed by plaintiff. Defendant Caudell denies that he entered into any contract with plaintiff. That the matter was taken up with plaintiff's agent and the understanding and agreement with him was that "unless the defendant (Caudell) desired to execute a binding lease and contract based upon the said application he need not do so."
In Roebuck v. Carson, 197 N.C. at p. 493, we find: "The judge dissolved the restraining order, but found no facts. It does not appear that either party requested a finding of facts. In such cases the determinative principle of law is thus stated in Wentz v. Land Co.,193 N.C. 32: `In injunction proceedings this Court has the power to find and review the findings of fact on appeal, but the burden is on the appellant to assign and show error, and there is a presumption that the judgment and proceedings in the court below are correct.' Angelo v. Winston-Salem,193 N.C. 207, 136 S.E. 489; Lineberger v. Cotton Mills, 196 N.C. 506,146 S.E. 215. The theory upon which these decisions rest is that it is to be presumed, nothing else appearing, that the judge found the proper and necessary facts to support the judgment."
The plaintiff filed an interesting and elaborate brief and supplemental brief as to the right of injunctive relief against the defendants, contending that "The plaintiff is entitled to an injunction against the defendants restraining them from placing certain moving picture equipment in the Broadway Theater at Statesville, N.C. after the defendant, Joseph *Page 148 
E. Caudell, had previously contracted with this plaintiff for the installation of such equipment."
As the court below could have found on this record, there was no binding contract between plaintiff and Caudell, it is not necessary on this appeal to consider the questions presented by plaintiff. The judgment below is
Affirmed.