T. LEE WHITAKER v. J. T. CHASE, GURNEY P. HOOD, COMMISSIONER OF BANKS OF NORTH CAROLINA; VIRGINIA-CAROLINA POWER COMPANY, G. HAROLD MYRICK, LIQUIDATING AGENT OF WELDON BANK AND TRUST COMPANY; ROANOKE RAPIDS PROPERTIES, INCORPORATED; B. J. WAGNER, TRUSTEE OF W. G. BODELL COMPANY, INCORPORATED; AND LAWYERS TITLE INSURANCE CORPORATION.

(Filed 11 April, 1934.)

**1. Mortgages H b—**

A junior mortgagee may maintain an action to restrain the foreclosure of a first mortgage or deed of trust on the lands upon allegations of serious dispute between the parties as to the amount due on the first encumbrance.

**2. Mortgages H i—Held: junior mortgagee's injunction against consummation of sale under first mortgage was properly continued to hearing.**

The holder of a junior mortgage on lands obtained a temporary order restraining the consummation of the foreclosure sale under the first mortgage on the lands. Upon order to show cause the court found as a fact that serious dispute existed between the parties as to the adequacy of the bid at the sale and the amount due the senior mortgagee upon the debt and that delay was necessary to the protection of the rights of plaintiff. *Held*, the court's order continuing the temporary injunction to the hearing upon condition that plaintiff file bond to indemnify defendant against any loss by reason of the delay was within its discretionary equitable power, the provisions of chapter 275, Public Laws of 1933, being constitutional and valid.

APPEAL by defendants, J. T. Chase, Gurney P. Hood, Commissioner of Banks of North Carolina, trustees and Virginia-Carolina Power Company from *Parker, J.,* at Chambers, 6 January, 1934. From HALIFAX. Affirmed.

The following is the judgment of the court below:

"This action came on to be heard before the undersigned resident judge of the Third Judicial District of North Carolina at Chambers in Roanoke Rapids, N. C., at 10:00 a.m. on 6 January, 1934, upon motion of the answering defendants, J. T. Chase, Gurney P. Hood, Commissioner of Banks of North Carolina, trustees, and Virginia-Carolina Power Company, that the temporary restraining order heretofore issued in this action be dissolved—the plaintiff being represented by his attorneys, Messrs. E. L. Travis and J. W. Crew, and the answering defendants being represented by their attorneys, Messrs. Spruill, Moore and Allsbrook—the court finds the following facts from the admissions in the pleadings, admissions of counsel, and affidavits filed by the plain-

tiff and by answering defendants, which are attached to this order and made a part hereof as if fully written herein, to wit:

1. That on 21 November, 1927, the Roanoke Rapids Properties, Incorporated, was indebted to the Virginia-Carolina Power Company in the amount of $87,341, the purchase price of the land described in the complaint in this action; to secure the payment of said indebtedness the said Roanoke Rapids Properties, Incorporated, executed and delivered to J. T. Chase and to the Weldon Bank and Trust Company, trustees, a deed of trust on a tract of land containing 873 acres, more or less, lying in and being adjacent to the town of Roanoke Rapids, N. C., which said deed of trust is of record in the public registry of this county, as set forth in paragraph 2 of the complaint.

2. That on 16 December, 1930, the Weldon Bank and Trust Company, by reason of insolvency closed its doors, and the assets of said bank, by virtue of law, are now vested in Gurney P. Hood, as Commissioner of Banks of the State of North Carolina.

3. That on 13 February, 1928, the Roanoke Rapids Properties, Incorporated, executed and delivered a ... .. ... ... deed of trust to George C. Green, trustee, upon the land hereinbefore described by reference to said petition, to secure a debt due to the Weldon Bank and Trust Company, of $10,438.30, which said deed of trust is a second mortgage upon said land; that there is now due and unpaid upon said second deed of trust the amount of approximately $11,800.

4. That on 15 April, 1929, the Roanoke Rapids Properties, Incorporated, became indebted to the plaintiff, T. Lee Whitaker, in the sum of $17,500 and to secure the same, executed to Geo. C. Green, trustee, a deed of trust upon 596 acres of said land described in the complaint in said action, which constitutes a third lien upon said land: That there remains due and unpaid upon said notes secured by said third deed of trust, the sum of $17,500 and interest.

5. That the second deed of trust in favor of the Weldon Bank and Trust Company and the third deed of trust in favor of the plaintiff, are properly recorded in the public registry of this county.

6. From time to time, subsequent to 21 November, 1927, the Roanoke Rapids Properties, Incorporated, sold off lots and parcels of said land covered by the deed of trust in favor of the Virginia-Carolina Power Company procuring therefor, in accordance with the terms of an agreement theretofore made in all cases where sales were ratified, deeds of release from the Virginia-Carolina Power Company, and that said sales reduced the acreage of said land covered by said deed of trust from 873.41 acres to 538 acres, more or less.

7. That from time to time from 21 November, 1927, until 30 January, 1933, the Roanoke Rapids Properties, Incorporated, made certain pay-

ments upon its said note of $87,341 to the Virginia-Carolina Power Company; that the Virginia-Carolina Power Company has offered evidence tending to show that on 31 December, 1933, the Roanoke Rapids Properties, Incorporated, owed upon the principal of said note of $87,341, the sum of $8,942.28 and interest of $8,291.14 as of 4 December, 1933.

8. That on 4 December, 1933, there was due and unpaid upon said tract of land taxes due to Halifax County, to the town of Roanoke Rapids, and to the public schools of Roanoke Rapids in the amount of $8,879.25, which amount of taxes at the time that this order is signed is still due and unpaid, and for some reason, the county and town have made no effort to collect these taxes; that the taxes run for the years 1928, 1929, 1930, 1931, 1932, and 1933.

9. That by reason of the failure of the Roanoke Rapids Properties, Incorporated, to pay the taxes properly levied and due upon said lands, there was a breach of the conditions of the deed of trust by the said Roanoke Rapids Properties, Incorporated, and the power of sale contained therein became absolute.

10. That during the summer of 1933, the trustees, under said deed of trust which is declared upon in paragraph 2 of the complaint, advertised said land for sale at the request of the holders of the note secured thereby; that at the request of the plaintiff, and of Roanoke Rapids Properties, Incorporated, the sale as advertised originally was called off, and the same was continued for a period of 90 days; that said sale was postponed until 4 December, 1933, when said land, pursuant to said deed of trust, was offered for sale by said trustees at the courthouse door in the town of Halifax, N. C., pursuant to said notices of sale, when and where the Virginia-Carolina Power Company became the last and highest bidder at the price of $27,680; that the plaintiff was present at said sale, but did not make a bid; that the only bid was made by the Virginia-Carolina Power Company; that the land was offered for sale first per acre and then as a whole.

11. That there was accrued as costs in said foreclosure for printing and advertising the sum of $230.00.

12. That on 14 December, 1933, a temporary restraining order was issued in this action as will appear from the pleadings.

13. That no increased bid has been filed by anyone at any time since said sale on 4 December, 1933.

14. That said land was sold in 1927 at the price of $100.00 per acre; that the best part of said land has been sold off at a price of $1,000 to $1,200 per acre, since 1927, by the Roanoke Rapids Properties, Incorporated.

15. That the plaintiff has offered evidence tending to show that the amount due by the Roanoke Rapids Properties, Incorporated, to the

Virginia-Carolina Power Company upon the note declared upon in paragraph 2 of the complaint is not in excess of $15,000.

16. That answering defendants have offered ten affidavits tending to show that the land at said sale on 4 December, 1933, brought a fair, just, reasonable and adequate price, and some of the affiants in their affidavits have stated that they believed that the land brought more than it was worth.

17. The plaintiff has offered six affidavits tending to show that the price that said land brought at the foreclosure sale on 4 December, 1933, was grossly inadequate, and that the fair and normal value of said land is from $100.00 to $150.00 per acre.

18. The court finds as a fact that there is a dispute in respect to the amount of the indebtedness due by the Roanoke Rapids Properties, Incorporated, to the Virginia-Carolina Power Company upon the note declared upon in paragraph 2 of the complaint, and further finds that a serious issue of fact has been raised by the evidence offered in said case in respect to the value of said land, and as to whether it brought a price that was fair, just and adequate, or a price that was grossly inequitable.

19. The court finds as a fact that the dissolution of this injunction may cause great injury to the plaintiff if it is dissolved; that serious questions have been raised by the pleadings and the evidence offered in support of the allegations thereof, and that a continuance of said injunction is reasonably necessary to protect the plaintiff's rights, and the court further finds as a fact that the rights of the answering defendants can be fully and amply protected by an injunction bond in this case. The court states that if the answering defendants desire it, upon proper motion, it will sign an order appointing a receiver for said property during said litigation. Whereupon, it is ordered, adjudged and decreed by the court that the temporary restraining order heretofore issued in this case be, and it hereby is continued in full force and effect until the final disposition of this action, on the express condition that before noon on Tuesday, 9 January, 1934, the plaintiff execute and deliver to the clerk of the Superior Court of Halifax County, as prescribed by law, an injunction bond in the sum of $20,000, said bond to be signed by a surety to be approved by the clerk of the Superior Court, which said surety shall verify by oath the amount of his worth, or a mortgage bond in lieu of said surety bond in said amount, the note secured by said mortgage to be made payable to the clerk of the Superior Court of Halifax County, and the said clerk shall approve the value of the property conveyed in said mortgage. If this bond is not given by noon of Tuesday, 9 January, 1934, said injunction shall be dissolved *ipso facto instanter.*

It is further ordered that any of said defendants shall have the right to except to the clerk's approval of said bond, and from his finding to appeal to the judge presiding over the Superior courts of this district. It is further ordered that if a mortgage bond is given it shall be a first lien upon the property thereby conveyed.

R. HUNT PARKER, <i>Judge, etc.</i>"

To the above order or judgment as signed, the defendants except, assign errors and appeal to the Supreme Court.

*E. L. Travis and J. Winfield Crew, Jr., for plaintiff.*
*T. Justin Moore, J. R. Allsbrook and Spruill & Spruill for defendants.*

CLARKSON, J. The exceptions and assignments of error of defendants, are as follows: "(1) For that the findings of fact by the court, upon which the judgment is hypothecated, are not supported by the evidence in the case: (a) As to the adequacy of the price bid for the property; (b) as to the amount of the indebtedness due to the *cestui que trust,* Virginia-Carolina Power Company. (2) For that the statute, upon which the remedy of injunction is sought, to wit: Chapter 275 of the Public Acts of 1933, is violative of the Constitution of the United States, to wit: Section 10, Article I."

We do not think these exceptions and assignments of error made by defendants, can be sustained. In this jurisdiction, it is settled that: "A junior mortgagee may maintain an action to restrain the foreclosure of a senior mortgage and to ascertain the amount due thereon." Wiltsie on Mortgage Foreclosure, 4th ed., citing *Broadhurst v. Brooks,* 184 N. C., 123. *Wilson v. Trust Co.,* 200 N. C., 788 (791); 59 A. L. R., 346, note.

The facts found by the court below and the conclusions of law were to the effect that: On 21 November, 1927, the Roanoke Rapids Properties, Incorporated, gave its note for $87,341 to the Virginia-Carolina Power Company, payable 1 November, 1934, for the purchase price of 873 acres of land, and executed a deed of trust on the land to J. T. Chase and the Weldon Bank and Trust Company (now Gurney P. Hood, Commissioner of Banks of North Carolina, receiver of Weldon Bank and Trust Company). Later, on 13 February, 1928, it gave a second deed of trust to George C. Green on the same land to secure a note to the Weldon Bank and Trust Company for $10,438.30, and thereafter on 15 April, 1929, gave a third deed of trust to George C. Green, trustee, to secure a debt of $17,500 due the plaintiff, T. Lee Whitaker, for money borrowed. The 873 acres of land lie in and adjacent to the town of Roanoke Rapids, and was bought for the purpose of being divided into building lots and sold; the deed of trust providing for this. Accordingly, the Roanoke Rapids Properties, Incorporated, sold

off lots and made payments on the first mortgage debt until it was reduced from $87,341 down to $17,233.42 as claimed by the defendants. This amount represents principal $8,942.28 and interest $8,291.14. The plaintiff contends that the balance due is less than $15,000. The acreage was also reduced from 873 to about 538 acres. The Roanoke Rapids Properties, Incorporated, had no revenue producing property whatsoever, and was entirely dependent on the sale of lots for operating expenses.

Taxes have accumulated on the property amounting to $8,879.23. The note was not due by its terms until November, 1934, the holder, by virtue of a provision in the deed of trust, declared it in default for nonpayment of taxes. Nothing has been paid on the debts secured by the second and third deeds of trust. The defendants, J. T. Chase and Gurney P. Hood, Commissioner of Banks, trustees, sold the land under the deed of trust on 4 December, 1933, at public auction for cash. It was bid in by Virginia-Carolina Power Company, holder of the note, for $27,680, which is the amount the defendants claim was due on the note, plus the taxes, trustee's commissions and expense of sale. There was no other bid on it. Before the statutory time for making a deed arrived, the plaintiff brought this action to enjoin the trustees from making the deed, and alleged that the balance due on the first deed of trust was not over $15,000, and that the price bid for the land was inadequate and inequitable.

It was in evidence that on the part of plaintiff, that the sum bid at the sale, $27,680 was "grossly inadequate" and the sum of $150.00 per acre, "a fair and normal value for such lands." The evidence in regard to plaintiff's contention that the note of defendant Virginia-Carolina Power Company, is not in excess of $15,000 is not very strong. The court below found as "a fact" that there is a dispute in respect to the "amount of the indebtedness" and further found, "that a serious issue of fact has been raised by the evidence offered in said case, in respect to the value of said land and as to whether it brought a price that was fair, just and adequate or a price that was grossly inequitable." The court further found, "that the dissolution of this injunction may cause great injury to plaintiff if it is dissolved; that serious questions have been raised. . . . That the rights of the answering defendants can be fully and amply protected by an injunction bond in this case."

The plaintiff was required to give a $20,000 bond with surety to be approved by the clerk of the Superior Court which has been done. The court below, "states that if the answering defendants desire it, upon proper motion, it will sign an order appointing a receiver for said property during said litigation."

In *Wentz v. Land Co.,* 193 N. C., 32 (34), is the following: "The rights of the parties to the controversy are complicated. Certain prin-

ciples of law are applicable, when the facts are ascertained. On the record, as to material facts, there is serious conflict. In injunction proceedings, this Court has the power to find and review the findings of fact on appeal, but the burden is on the appellant to assign and show error, and there is a presumption that the judgment and proceedings in the court below are correct." *Realty Co. v. Barnes,* 197 N. C., 6; *Land Co. v. Cole,* 197 N. C., 452 (455); *Roebuck v. Carson,* 197 N. C., 492 (493).

In *Parker Co. v. Bank,* 200 N. C., 441 (443), speaking to the subject citing numerous authorities, it is said: "It is the general practice of equity courts, upon showing of a basis for injunctive relief, to continue the restraining order to the final hearing, when it appears that no harm can come to the defendants from such continuance, and great injury might result to the plaintiffs from a dissolution of the injunction."

The court below under the facts and circumstances of this case, with its equitable power, had the discretion to continue the injunction to the hearing. *Alexander v. Boyd,* 204 N. C., 103.

In 14 R. C. L. (Injunctions), part sec. 172, p. 472, is the following: "The power of the court to impose terms and conditions, including the giving of a bond, in connection with the issuance of an injunction, is one which is generally recognized." In *Woltz v. Safe Deposit Co., ante,* 239, the constitutionality of chapter 275, Public Laws of 1933, entitled, "An act to regulate the sale of real property upon the foreclosure of mortgages or deeds of trust," is upheld and the reasons given therefor. The brief of defendants is learned and persuasive, but not convincing from the facts and circumstances of this case. We think for the reasons given, the judgment of the court below must be

Affirmed.