*2
 
 Pearson, Jj
 

 The plaintiffs allege, that, in July 1849, they leased from the defendant, "Joseph Hardin, for the term of five years, thence next ensuing, a tract of one hundred and fifty acres of land, on which the said Hardin then resided, lying on the waters of little Hickory Creek, in the County of Cleveland, adjoining the land of the ■widow Hogue, for the purpose of hunting for gold and silver mines, and with the right and privilege of working all the mines then known on the said land, or that might be discovered during the term of the said lease. The lease was reduced to writing and executed, and left with one Fullc-nwider for safe keeping, and the defendant, Joseph Hardin, afterwards got possession of it and refused to return it. The bill then states, that, afterwards, the defendants, Joseph Hardin, and William McEntire, Jefferson Hoskins, Edmond Rippy, John Roberts and Dial Hardin, under his authority, entered on the land and have been working for gold, in despite of the rights and remonstrances of the plaintiff, and have done and are doing irreparable damage, by taking off large quantities of gold and working the mines in an unskilful manner. The prayer is, that the defendants may be enjoined from working on the land, included in the lease to the plaintiffs, and for an account of the gold collected by the defendants.
 

 The defendant, Joseph Hardin, answered, but he submitted to the decretal order, continuing the injunction until the hearing, and his answer was not sent to this Court.
 

 The defendants, McEntire and Hoskins, admit, that, in the month of August 1849, with the consent of their co-defendant, Joseph Hardin, they, worked on the land in< eluded in the lease for a short time, and made some seven penny weights of gold, each. They aver, that they believed, that the said Hardin had full power and authority to put them in possession, but being afterwards informed by some of the plaintiffs, that they were entitled
 
 to
 
 all
 
 *3
 
 mining privileges under their lease, they quit'the land before the bill was filed and have not since interferred.
 

 The defendants, Rippy, Roberts and Dial, positively deny, that they have ever worked for gold on the land, included in the lease made by Joseph Hardin to the plaintiffs. They say it is true, they have been working on land, adjoining the land of the said Hardin, but the land,. on which thej' have been working, belongs to the defendant, Roberts, and has been notoriously in his possession formore than twenty years, and neverdid belong to, or was in possession of the defendant, Joseph Hardin, and is not included in the land leased by the said Hardin to' the plaintiffs.
 

 The motion to dissolve the injunction was refused, and the injunction was continued until the hearing, from which order all of the defendants, except Joseph Hardin, appealed.
 

 As to the defendants, McEntire and Hoskins, they admit that they worked a short time under the licence of Joseph Hardin, after he had leased to the plaintiffsbut they say they had left the land before the bill was filed, and have no intention further to interfere. Such being ■the case, the injunction can do them no harm, and at the final hearing their liability to account, and their right to recover costs, can be investigated and passed on.
 

 As to the defendants, Rippy, Roberts and Dial, they say the land, on which they are at work, is not included in the lease to the plaintiffs. If this be true, the injunction does not interfere with them and will do them no harm. If it be not true, and they are, in fact, working on the land of Joseph Hardin, which he leased to the plaintiffs, then it is admitted, that they should be enjoined. If the defendants tell the truth, the injunction can do them no harm. But, if the truth is, as averred by the plaintiffs, a dissolution of the injunction would be of serious injury to them. Hence it was necessary, under the circumstances, to con»
 
 *4
 
 tinue the injunction. By doing so, no harm is done on one side, and the chance of doing injury is avoided on the other. Injunctions of this kind are not put on the same footing with injunctions to stay executions on judgments at law, where the legal rights of the parties have been adjudicated.
 

 This opinion will be certified to the Court below.
 

 The defendants must pay the costs of this Court.
 

 Per Curiam. Ordered and decreed accordingly.