THE TOWN OF DURHAM v. THE RICHMOND AND DANVILLE and the NORTH CAROLINA RAILROAD COMPANIES.

*Appeal—Injunctions.*

The plaintiff alleged that the defendants were unlawfully constructing a portion of their track in a street to which it (the plaintiff) had acquired an easement, and asked that an injunction be granted. The defendants denied the allegations upon which the relief was sought, and, upon the matter at issue, there was much conflicting evidence. Upon the preliminary hearing, an order was made enjoining the defendants from further construction within certain prescribed area until the hearing. From this defendants appealed. Subsequently, the plaintiff moved to extend the operation of the injunction to other parts of the said street, which motion, being heard upon proof and counter-proof, was refused, and the plaintiff appealed: *Held*—

1. That both appeals were premature and should be dismissed.

2. The Courts will not dissolve injunctions till the hearing, where it is apparent from the pleadings and proofs that there is serious dispute about the facts, and doubts as to the relief sought.

This was a CIVIL ACTION, pending in DURHAM Superior Court, and was heard, upon motion for an injunction, before *Gilmer, J.,* at Chambers, on June 27 and July 2, 1889.

Both parties appealed from the rulings of his Honor.

The plaintiff (the town of Durham) alleged in the complaint that the town had acquired an easement for a street in a part of the original right-of-way of the North Carolina Railroad Company, the lessor of the defendant company now operating the road, and that said street, which the town had acquired a right to use, by virtue of condemnation proceeding, conducted according to law, as well as by prescription, by dedication and by estoppel: and that the defendant (the Richmond and Danville Railroad) was operating the road as the lessee of the other defendant, and was proceeding, in violation of law, to lay a side-track along said street, and thereby inflict irreparable injury on the plaintiff by impeding the passage of persons and vehicles along said street, and rendering worthless valuable property fronting on it.

The defendants deny that the plaintiff had acquired, in any way, a right to use any portion of said right-of-way of one hundred feet on each side of the centre of this track as a street, as claimed by plaintiff, and averred that the use of it had been only permissive; that it had not been condemned or dedicated, nor had the plaintiff acquired an easement in any way.

Upon a hearing at Chambers, at Greensboro, on the 27th of June, 1889, the Judge below made the following order, viz.:

"This cause coming on to be heard before me this day on the order of this Court, to show cause why the injunction sued for be not continued to the hearing, and, being heard, after argument, it is considered, ordered and adjudged that the injunction heretofore granted be and the same is continued to the hearing—that is to say, the defendants are forbidden and restrained from building or laying the track of their railway upon Peabody street of the said town of Durham, said Peabody street being ascertained by the Court to cover all the land lying within thirty-two feet south from the line marked 'X' on the map introduced in evidence as an exhibit to the affidavit of John B. Christian, and west of

Corcoran street. This order to be in operation upon plaintiff's giving bond," &c.

The defendant companies appealed from the foregoing order, on the ground that the plaintiff had not shown sufficient reason for granting extraordinary relief. Subsequently, it was discovered that the thirty-two feet described in the order did not include the projected line of defendants' side-track, and thereupon the plaintiff, on notice, moved the Court to modify the order of June 27, when the following order was made at the date mentioned therein:

"AT CHAMBERS, IN GREENSBORO, July 2, 1889.

"This cause, coming on to be again heard, upon motion of plaintiff to modify the injunction order of June 27, 1889, heretofore made in this cause, after notice served on the defendants, and upon the additional affidavits filed by plaintiff and objections filed by defendants, after hearing the arguments of counsel on both sides, it is considered and adjudged that the motion of the plaintiff be refused, and said injunction order of June 27, 1889, be allowed to remain as it was made originally, and to continue in force until the hearing."

A large number of affidavits were read by both parties at the hearing on the 27th of June, and the plaintiff's motion to modify the order heard on July 2, was supported by additional affidavits, and these affidavits were also read by defendant. The affidavits were contradictory as to the material facts bearing upon the rights of the parties in the land. From the order made July 2, 1889, refusing to modify the original order of June 27, 1889, plaintiff appealed.

*Mr. W. W. Fuller*, for the plaintiff.

*Messrs. Jno. W. Graham, W. A. Guthrie*, and *C. M. Busbee*, for the defendants.

AVERY, J.—after stating the facts: Both appeals have been brought up unnecessarily, if not prematurely, and neither of them will be sustained by this Court.

Upon the finding by the Judge below of the fact, that the defendant Railroad Company was not trespassing upon the strip thirty-two feet wide, extending along the original right-of-way, which the plaintiff claimed was lawfully condemned under the provisions of its charter, or is held by prescription or dedication by them as a street, the company has constructed and is operating its new track along what is known as Peabody street, as originally projected, and can, therefore, afford to await the finding by the jury in the exercise of their proper functions of all of the facts material to a decision of the issues of law involved in the action. Meantime, the questions whether a grant can be presumed against the company, under a just construction of section 150 of *The Code*, or whether the land had been dedicated to public use or lawfully condemned, or whether an easement has been acquired in it by estoppel, will remain, as they are, open for discussion and decision.

On the other hand, the order continuing the injunction in force to the hearing as to the thirty-two feet described, must be sustained, though we will not attempt, in the face of the conflicting testimony, to extend its operations beyond the boundary line marked by his Honor in the hearing below. This Court has repeatedly refused to dissolve injunctions till the hearing, when it appeared from the pleadings or affidavits offered that there was a serious dispute about the facts, and doubts as to the right to extraordinary relief. *Whitaker* v. *Hill*, 96 N. C., 2; *Caldwell* v. *Stirewalt*, 100 N. C., 205. When the facts shall have been ascertained in the usual way, the injunction may be either dissolved or made perpetual.

The plaintiff may or may not satisfy a jury by preponderance of testimony of the truth of the allegations upon which

its right to the easement depends, and which would lead to the conclusion that the street, properly located, includes a side track constructed by the defendant, and thus show the defendant to be a trespasser. After a second hearing, the Judge of the District has adhered to his findings of fact, on the proofs before him, that the new side track is not on the territory that he finds to be covered by the alleged condemnation proceedings, and until a jury shall have found the facts differently, we will proceed upon the idea that his Honor's conclusions of fact were correct. The motions were heard on *ex parte* affidavits, and it is more proper when we can, in such cases, without injustice to the parties, withhold our opinion as to the facts, to await the action of a jury upon issues submitted to them.

The cause will be remanded, to the end that the facts be ascertained by a jury.

Remanded.