THE RALEIGH AND WESTERN RAILWAY COMPANY v. THE
GLENDON AND GULF MINING AND MANUFACTURING
COMPANY.

*Injunction—Right of Way.*

1. While the fact of insolvency is not decisive of the right to injunctive
   relief, yet in some cases it becomes material.
2. The fact that one railroad occupies land which is claimed by another
   road as its right of way is not in itself an irreparable tort which
   will justify restraining the defendant from using the land until
   the question of title can be tried, especially when it is not alleged
   that the defendant is insolvent, and where it appears that there is
   room on the disputed territory for the construction of both roads.

MOTION to continue a restraining order to the hearing,
heard before *Connor, J.,* at Chambers in Oxford, on November 28, 1892.

The plaintiff filed affidavits tending to show that it was
constructing a railroad from Egypt, in Chatham county, to
a point in Randolph county, and that for the purpose of a
right of way for its road it had obtained title to the land
in question from the owners thereof; that its work of construction
was progressing, and that it was now necessary
that it use the land in dispute to build its road on, as it
was completed to this point; that the defendant had, without
title, taken forcible possession of the land, and was now
engaged in constructing its road on the same land; that at
a place on said land it was necessary to cross Tyson's
Creek, and that at this point there was not room for both
roads to be constructed, and that unless the defendant was
enjoined the plaintiff would be obliged to stop its work, or
to abandon its location and select another at very heavy
expense.

The defendant denied these allegations, and introduced
evidence tending to show a condemnation of said land by

it, and also to show that there was room at Tyson's Creek for both roads to cross without danger or inconvenience.

His Honor found that there was room at Tyson's Creek for both roads to cross without going outside of the disputed land, and dissolved the order in part, from which the plaintiff appealed.

*Messrs. T. B. Womack* and *John Devereux*, for plaintiff. *Mr. W. A. Guthrie*, for defendant.

AVERY, J.: It is not alleged in the affidavits, nor was it contended upon the argument, that the defendant company is insolvent; on the contrary, it seems to be conceded that it was able to answer in damages for the alleged trespass on the plaintiff's right of way. Though the fact of such insolvency is not decisive of the right to extraordinary relief, yet in some cases it becomes material. If it shall be found upon an investigation before a jury that the defendant has constructed a road-bed and erected a bridge on land to which the plaintiff has the superior title, and has placed the bridge at the only eligible location on the right of way previously acquired by plaintiff, then, upon his own showing, the latter will suffer no irreparable injury, since it will recover the road-bed in its finished condition and compensation for any damage incident to the wrongful detention of the possession. *Railroad Co.* v. *Railroad Co.*, 88 N. C., 79.

If, as counsel insist, the case at bar is distinguishable from *Railroad* v. *Railroad, supra,* in that the plaintiff is ready and waiting to prosecute the work of constructing its road-bed at this very point across the river, the answer is that the presiding Judge has found as a fact, upon the affidavits and proofs before him, that there is "enough space between defendant's crossing on Tyson's Creek and

the bank of Deep River at the mouth of said creek to construct another road-bed below the defendant's railroad, without interfering with the defendant's road-bed and trestle." Meantime his Honor orders that the defendant shall occupy at Tyson's Creek and the approaches thereto only the road-bed constructed and in process of construction, the necessary approaches thereto and so much space south of the center of its road-bed as it may be found actually necessary to occupy in the construction of its road. This order is equivalent to a refusal of the injunction for which plaintiff prayed as to the line actually adopted and for the most part constructed on the land described in the affidavit, but to granting the order as to all disputed territory lying beyond and not necessary to the construction and use of the defendant's located line; and therefore the case of *Durham v. Railroad*, 104 N. C., 261, where the Judge below vacated the restraining order as to all that portion of the street lying south of a designated boundary and continued the injunction to the hearing as to the road-bed, must govern our decision in the case before us.

Instead of *ex-parte* testimony as to all the questions upon which the rights of the parties depend, we shall have after the trial the findings of a jury, and if it should appear from the verdict that the plaintiff has the better right to the road-bed the law will allow him ample compensation in damages to cover his losses, including the additional cost of another crossing over the creek if it should construct it.

There is                                          No Error.