### REYBURN v. SAWYER.

(Filed March 5, 1901.)

1. INJUNCTION—*Public Nuisance—Burden of Proof.*

> To restrain an alleged public nuisance, it must be irreparable and immediate, and must affect the complainant injuriously in some manner peculiar to himself.

2. INJUNCTON—*Estoppel.*

> An order dismissing a temporary injunction is no bar to a permanent injunction after the final hearing.

3. INJUNCTION—*Appeal.*

> An appeal from an order dismissing a temporary injunction does not continue the injunction.

ACTION by J. E. Reyburn against D. C. Sawyer, heard by Judge *George H. Brown,* at Chambers, December 27, 1900, at Washington. From a decree in favor of defendant, the plaintiff appealed.

*B. G. Crisp, Hinsdale & Lawrence,* for the plaintiff.
*E. F. Aydlett* and *G. W. Ward,* for the defendant.

CLARK, J. This is an action to restrain defendant from constructing, maintaining or using certain pound nets in Albemarle Sound. It appeared that the grand jury had ignored a bill to indict a similar act as a public nuisance. The Judge, upon conflicting affidavits, held: "After considering all the affidavits filed and the allegations contained in

the pleadings and the argument of counsel, I am of opinion that the burden of proof is on the plaintiff to prove to the satisfaction of the Court that the acts complained of as a public nuisance affect him injuriously in some manner peculiar to himself and not in common with the general public. It is also incumbent on plaintiff to show that such alleged nuisance is irreparable in its nature and the injurious effects are immediate so as to warrant the granting of the extraordinary remedy before the alleged nuisance is established by the findings of the jury. I am of opinion that the plaintiff has failed to show the above requirements to the satisfaction of the Court or by a preponderance of the evidence" —and refused to continue the restraining order to the hearing.

In this, on examination of the affidavits, we find no error. Fishing is a public industry against which an injunction will not lie when the injury to the private citizen is doubtful. This, however, does not debar the plaintiff from making out his case for a permanent injunction upon issues found by a jury at the final hearing, if he can. Appeals in this and like cases are unnecessary, as such final hearing will usually take place almost as early as, if not before, the opinion of this Court can be certified down, and the appeal can not have the effect to confer, pending the appeal, the injunction which The Judge refused. *James v. Marcom,* 125 N. C., 145; *Green v. Griffin,* 95 N. C., 50; High on Injunction, sec. 893.

No error.