HYATT v. DeHART.

(Filed December 12, 1905).

*School Tax—Election — Injunctions — Findings of Fact—*
*Practice.*

1.  An order dissolving a restraining order, which had been granted
    until the hearing, against a tax levied by virtue of an election,
    authorizing a special school tax will not be reversed where the
    evidence was conflicting and the judge found as facts that one-
    fourth of the freeholders of the district signed the petition for
    the election and that a majority of the voters voted in favor of
    the special tax, and that·while there were some irregularities in
    holding the election and recording the result, they were not of
    such nature as to vitiate the election.

2.  While in injunction cases, the findings of fact by the judge below are
    not conclusive on appeal, still there is a presumption that the
    judgment and proceedings below are correct and the burden is
    upon the appellant to assign and show error.

3.  The general rule is that when the injunctive relief sought is not
    merely ancillary to the principal relief demanded in the action,
    but is itself the main relief, the court will not dissolve the in-
    junction, but will continue it to the hearing.

4.  When, however, the injunction is against the prosecution of enter-
    prises which tend to develop the resources of the country, an
    injunction to the hearing will ordinarily be refused.

ACTION by H. R. Hyatt against S. A. DeHart, Tax Collec-
tor, and others, pending in the Superior Court of SWAIN, and
heard by *Judge G. S. Ferguson*, at Chambers in Murphy,
September 20, 1905. From an order dissolving the restrain-
ing order, the plaintiff appealed.

*F. C. Fisher* for the plaintiff.
No counsel for the defendant.

CLARK, C. J.    This is an appeal from an order dissolving a
restraining order, which had been granted until the hearing,

against a tax levied by virtue of an election, authorizing a special school tax, held by virtue of section 72, chapter 4, Laws 1901, as amended by section 24, chapter 435, Laws 1903. The evidence was conflicting. The judge found as facts that one-fourth of the freeholders of the district signed the petition for the election and that a majority of the voters voted in favor of the special tax, and that while there were some irregularities in holding the election and recording the result, they were not of such nature as to vitiate the election or make the collection of the tax illegal.

Ordinarily, the findings of fact by the judge below are conclusive on appeal. While this is not true as to injunction cases, in which we look into and review the evidence on appeal, still there is the presumption always that the judgment and proceedings below are correct and the burden is upon the appellant to assign and show error; and looking into the affidavits in this case we cannot say there was error below.

The general rule is that when the injunctive relief sought is not merely ancillary to the principal relief demanded in the action, but is itself the main relief, the court will not dissolve the injunction, but will continue it to the hearing. *Marshall v. Commissioners*, 89 N. C., 103. But when the injunction is against the prosecution of enterprises which tend to develop the resources of the country, an injunction to the hearing will ordinarily be refused. *Walton v. Mills*, 86 N. C., 280. Certainly, therefore, an injunction to the hearing should be denied or dissolved on the state of facts here found when the relief sought will seriously interfere with the education of the young. There can doubtless be a speedy trial of the disputed issues of fact before a jury, and in the meantime the schools should not be interrupted when the weight of the testimony is found by the judge to be as above stated.

Affirmed.