T. J. STANCILL v. O. L. JOYNER.

(Filed 25 September, 1912.)

**Injunction — Drainage Ditch — Upper Proprietor — Easement — Adverse Possession—Ponding Water.**

> Averments in the complaint and affidavits of plaintiff to enjoin the defendant, a lower proprietor, from stopping up or threatening to stop up a drainage ditch running through the plaintiff's lands, are sufficient for a restraining order to be granted to the hearing, which tend to show that the plaintiff and those under whom he claims have, for thirty years, held and exercised the right of drainage through the ditch, specifying its dimensions, and has acquired and holds a right of easement therein over the defendant's lands; that the defendant is threatening and attempting to dam the ditch at a point immediately on or within a few feet of the dividing line, which will cause the water to pond back upon the plaintiff's land to the injury of his lands and crops. *Tise v. Whitaker*, 144 N. C., 510; *Cobb v. Clegg*, 137 N. C., 153, cited and applied.

APPEAL from order rendered by *Whedbee, J.,* at chambers, in Greenville, PITT County, 26 July, 1912.

Civil action heard on return to a temporary restraining order. The restraining order was continued to the hearing, and the defendant excepted and appealed.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Hoke.*

*W. F. Evans for plaintiff.*
*Albion Dunn for defendant.*

HOKE, J. In *Tise v. Whitaker,* 144 N. C., 510, the Court said: "It is the rule with us that in actions of this character, the main purpose of which is to obtain a permanent injunction, if the evidence raises serious question as to the existence of facts which make for plaintiff's right, and sufficient to establish it, a preliminary restraining order will be continued to the hearing. *Hyatt v. DeHart,* 140 N. C., 270; *Harrington v. Rawls,* 131 N. C., 39; *Whitaker v. Hill,* 96 N. C., 2; *Marshall v. Commissioners,* 89 N. C., 103."

The verified complaint and affidavits on part of plaintiff in the present case tend to show that plaintiff and defendant are owners of adjoining. tracts of land and that plaintiff, the proprietor of the upper tract, and those under whom he claims, for thirty years have held and exercised the right of drainage over the lands of defendant through a certain ditch of specified dimensions, and that plaintiff has acquired and holds an easement over said lands: "That said ditch is cut and constructed along the natural water flow, and is the only way through and along which the lands of the plaintiff can be successfully drained, and that the lands of the plaintiff are now, and have been for more than thirty years, drained through and along said ditch; and that the plaintiff has been for twenty years, and is now, keeping up and maintaining said ditch through his own lands, and also from where the ditch crosses the dividing line between the plaintiff and defendant, on through the lands of defendant, about 130 yards, to a point where said ditch empties into another ditch.

"6. That the defendant is threatening and attempting to dam, close up, and obstruct said ditch, above referred to, at a point immediately on or within a few feet of the dividing line between the lands of the plaintiff and defendant, for the purpose of preventing and hindering the flow of water through said ditch.

"7. That if the defendant is permitted to dam, fill up, or obstruct said ditch, as set out in the sixth paragraph of this complaint, it will stop the flow of the water from the lands of the plaintiff, and thereby causing the water, which has heretofore drained. off through said ditch, to back up and stand upon the land of the plaintiff, and will thereby render said lands unfit for cultivation and will cause said lands of the plaintiff to become water-sobbed and soured, and will thereby greatly injure said lands, and the plaintiff will thereby be irreparably damaged." The answer and affidavits on the part of the defendant controvert many of the essential features of plaintiff's complaint and the affidavits tending to support it, and material issues are raised as to the ultimate rights of the parties. As the cause goes back for further investigation, we do not con-

sider it desirable to make more extended reference to the facts in evidence, but we are of opinion that these facts clearly bring the controversy within the principle of the case referred to and others of like import, notably the well-considered case of *Cobb v. Clegg,* 137 N. C., 153.   The judgment continuing the restraining order to the hearing is therefore

   Affirmed.