GEORGE W. SUTTON v. JOHN W. SUTTON.

(Filed 2 April, 1913.)

**Deeds and Conveyances—Escrow—Trespass on Lands—Injunction —Disputed Facts—Injury to Lands.**

Where in an action to recover lands an injunction is sought, as a part of the relief, for a continuous trespass upon the lands, and it is put in issue as to whether a deed from the plaintiff's deceased mother, under which he claims, was placed in escrow to be delivered unconditionally upon her death, or whether it was to be held in escrow until the payment of her debts, of which there were several outstanding and constituting claims upon her estate, and it is claimed that under the conditions of the escrow the defendant was to manage the lands and pay the debts out of the rents and profits, it is *Held*, that upon these disputed facts, and it appearing that pending the litigation the

threatened acts of defendant would produce injury to the plaintiff, a restraining order should issue to the hearing. Revisal, secs. 806, 807. *Semble*, as in this case the court had required the plaintiff to pay his share of the debts against the estate, the defendant could not be prejudiced by the restraining order.

APPEAL by defendant from restraining order of *Cline, J.,* heard at chambers, by consent, at Wilson, 13 February, 1913; · from LENOIR.

This is an appeal from an order granting an injunction to the hearing, forbidding defendant from trespassing on the lands of plaintiff. The plaintiff alleges that his mother, Mrs. Sarah C. Sutton, on 21 January, 1898, executed a deed for the land to him and deposited the same with a third person in Lenoir, to be delivered absolutely to him at her death, while defendant alleges that this deed, with deeds similarly executed to another child and a grandchild, were deposited with defendant, upon the condition "that defendant should take, hold, and keep the said deeds until after her death, and thereafter until all the debts against her estate, including the mortgage set out in the complaint, were fully settled and paid and her estate settled according to law; and that the defendant should, during said time, hold, manage, and control said lands until the rents and profits therefrom should be sufficient to settle and discharge all debts and liabilities against her said estate, and thereafter he should deliver said deeds." He further alleges that the estate has not been settled, and that there are still outstanding liabilities of Mrs. Sutton to be paid. Mrs. Sutton died 31 August, 1912, leaving a will in which she refers to the deeds as having been executed. Defendant has qualified as her administrator, with the will annexed. Plaintiff alleges that defendant has threatened to continually trespass upon the land unless his demand for the possession thereof is complied with by the plaintiff. It seems that the deeds were in the custody of the clerk of the court for some purpose, and thinking he held them officially, he probated and ordered them to registration, but afterwards, discovering his mistake and finding that he held them only as a depositary, and in his private capacity, he withdrew them from the register's office before they had actually

been recorded on the book of registration. *Judge O. H. Allen* granted an order to show cause why defendant should not be restrained and enjoined from committing the threatened trespass "pending the further hearing and the final determination of the matters in controversy," which was heard before *Judge E. B. Cline* on 13 February, 1913, by whom the injunction to the hearing was ordered. Defendant appealed.

*G. V. Cowper for plaintiff.*
*Loftin & Dawson and Rouse & Land for defendant.*

WALKER, J. As the facts are in dispute, the court properly continued the injunction to the hearing (*Stancill v. Joyner,* 159 N. C., 617; *Cobb v. Clegg,* 137 N. C., 153; *Hyatt v. De-Hart,* 140 N. C., 270), as it appears in this case that the commission of the threatened acts of defendant would produce injury to the plaintiff pending the litigation, and that the trespass by the defendant would be continuous, and that the restraint of the said acts is, at least, a part of the relief sought in the action. Revisal, secs. 806 and 807; *Lumber Co. v. Cedar Works,* 158 N. C., 161; *Foster v. Carrier, ante,* 472. But we do not see how the defendant will be materially prejudiced by the order, as the court expressly required plaintiff to pay his share of the debts and liabilities of the decedent, and reserved the right to proceed against the plaintiff for a sale of the land by petition, as allowed by law, if it should become necessary to sell the land for the payment of debts against the estate. What more could he ask for? His hands are not tied, but set free, so that he may proceed to do practically all that, as he alleges, the testator instructed him to do when she deposited the deeds with him. We do not pass upon the merits of the case, as the jury may find, or it may be otherwise determined, that plaintiff is entitled, unconditionally, to the possession of the deed she made to him, and the merits are not now otherwise directly involved. Our decision is, therefore, confined to the correctness of the judge's order, in which no error is found.

No error.