A. B. JOHNSON v. J. M. JONES AND C. L. GUY, TRUSTEE.

(Filed 10 October, 1923.)

**Injunction—Issues—Material Facts—Questions for Jury.**

> An order to restrain the sale under a purchase-price mortgage of a lot of land for industrial purposes, upon proper affidavits tending to show that a railroad siding thereon was a part of the consideration and that the plaintiff was damaged by the acts of the defendant in depriving the plaintiff of this benefit, should be continued to the hearing to determine the amount actually due the defendant mortgagee.

APPEAL by defendants from a judgment of *Horton, J.,* continuing a restraining order to the final hearing.

On 17 May, 1919, the plaintiff purchased from the defendant Jones certain lots, situated in the town of Godwin, known as the gin and saw-mill property. The Atlantic Coast Line Railroad had constructed a side-track on the lots, and it was agreed between the parties that the "siding" should constitute a part of the consideration for the trade. The plaintiff executed a deed of trust to C. L. Guy, trustee, to secure the purchase money, and the trustee advertised the property for sale.

*H. L. Godwin for plaintiff.*
*Young, Best & Young for defendants.*

ADAMS, J. The action was brought to enjoin the trustee from selling the property under the deed of trust, on the ground that the defendant Jones had refused to comply with the contract by preventing the use of the side-track, and had thereby caused the plaintiff to suffer loss. The verified complaint contains allegations to this effect, and is supported by the plaintiff's affidavit and other evidence. The answer of the defendants, and the affidavits filed in their behalf, deny the plaintiff's allegations and thereby raise issues of fact. Under these circumstances, his Honor made no error in continuing the injunction until the rights of the parties could be determined and the amount actually due could be ascertained. *Harrington v. Rawls,* 131 N. C., 39; *Smith v. Parker, ib.,* 470; *Jones v. Buxton,* 121 N. C., 285; *Harrison v. Bray,* 92 N. C., 489; *Pritchard v. Sanderson,* 84 N. C., 300; *Purnell v. Vaughan,* 77 N. C., 268.

The finding that the defendant is solvent does not affect this conclusion. It would be an obvious hardship on the plaintiff to require him to incur the risk of an assignment of the notes or to make payment of their face value and then bring suit to recover damages for the defendant's breach of contract, when the whole controversy can be

settled in the pending action. The policy of the law is to prevent a multiplicity of suits and needless litigation.

It is further argued that the receiver of the Bank of Coats is the owner and holder in due course of one of the notes executed by the plaintiff, and that the land was advertised for sale at his request; but in view of the allegations in the pleadings and affidavits, we regard it unnecessary to consider this question, especially as the receiver is not a party to the action and the issue between him and the plaintiff is not properly raised.

The judgment is
Affirmed.