SAM J. CASTLE v. E. H. THREADGILL, MRS. LULA SMITH AND
JOHN N. DUNCAN, TRUSTEE.

(Filed 2 November, 1932.)

1. **Appeal and Error J a—Supreme Court may review facts in injunction suits.**

    Upon appeal in injunction suits the Supreme Court has the power to find and review the findings of fact, but the burden of showing error is on the appellant.

2. **Injunctions D b—Temporary order will ordinarily be continued where it seems plaintiff will be able to make out his case at hearing.**

    Where the plaintiff in an injunction suit shows probable cause or a prima facie case, or it can be reasonably seen that he may be able to make out his case at the final hearing, his temporary order will ordinarily be continued.

APPEAL by plaintiff from *Devin, J.,* at June Term, 1932, of WAKE. Error.

This is an action brought by plaintiff to restrain defendants from selling certain real estate. The temporary restraining order was dissolved and plaintiff assigned error and appealed to the Supreme Court.

*Biggs & Broughton for plaintiff.*
*R. L. McMillan and R. Roy Carter for defendants.*

CLARKSON, J. It has long been the settled rule in this jurisdiction that this Court on appeal in injunction suits has the power to find and review the findings of fact in controversies of this kind. On the record it appears that as to material facts there is a serious conflict. The rule is to the effect that if plaintiff has shown probable cause or a prima facie case, or it can reasonably be seen that he will be able to make out his case at the final hearing, the injunction will be continued. It is also settled that the burden is on appellant to show error. *Wentz v. Land Co.,* 193 N. C., 32; *Realty Co. v. Barnes,* 197 N. C., 6.

In *Ohio Oil Co. v. Conway, supervisor,* 279 U. S., at p. 815, speaking to the subject, we find: "Where the questions presented by an application for an interlocutory injunction are grave, and the injury to the moving party will be certain and irreparable if the application be denied and the final decree be in his favor, while if the injunction be granted the injury to the opposing party, even if the final decree be in his favor, will be inconsiderable, or may be adequately indemnified by a bond, the injunction usually will be granted. *Love v. Atchison, T. & S. F. R. Co.,* 107 C. C. A., 403, 185 Fed., 321, 331, 332." In the judgment of the court below, there is

Error.