C. E. HOLDER AND C. H. HOLDER v. HOME MORTGAGE COMPANY,
V. S. BRYANT, SUBSTITUTE TRUSTEE, AND FRED MOORE.

(Filed 20 September, 1933.)

**Injunctions D b—**

An injunction will ordinarily be continued to the hearing where serious
controversy exists, and dissolution may cause great injury to plaintiff
and continuance result in no harm to defendant.

APPEAL by plaintiffs from *Clement, J.*, at June Term, 1933, of
CHEROKEE. Reversed.

*R. L. Phillips for plaintiff.*
*W. A. Devin, Jr., and Gray & Christopher for defendants.*

PER CURIAM. This is an action brought by plaintiffs against defendants to enjoin defendants from foreclosing a certain deed of trust on a house and lot of plaintiffs' in the town of Murphy, N. C. A restraining order was granted and on the hearing the defendants demurred *ore lenus* to the complaint and amended complaint on. the ground that it failed to state facts sufficient to constitute a cause of action. The court below sustained the demurrer and in this we think there was error. If defendants wanted the complaint made more definite or a bill of particulars, they should, on motion to the court below, have requested same. The complaint we think is sufficient to state a cause of action, though somewhat indefinite.

Injunction generally will be continued, where it will not harm defendant and may cause great injury to plaintiff, if dissolved. *Wentz v. Land Co.,* 193 N. C., 32; *Brinkley v. Norman,* 190 N. C., 851; *Cullins v. State College,* 198 N. C., 337. Temporary restraining order will be continued until hearing, where serious controversy exists, and continuance cannot harm defendant, while dissolving might injure plaintiff. *Brown v. Aydlett,* 193 N. C., 832.

We do not discuss the facts set forth in the pleadings, as the case goes back for a hearing on the merits. The judgment of the court below is

Reversed.