S. SCOTT FEREBEE v. E. B. THOMASON AND L. O. LOHMANN, TRUSTEES, AND R. G. KITTRELL, SUBSTITUTED TRUSTEE.

(Filed 11 October, 1933.)

1. **Mortgages H b—Continuance of order restraining foreclosure affirmed in this case under general rule for continuance of temporary orders.**

   Under the facts set forth in this action and appearing from the pleadings the judgment of the lower court continuing an order restraining defendant from foreclosing the deed of trust to the final hearing is affirmed, the general rule being that a temporary order will be continued to the hearing where serious controversy exists and continuance will not harm defendant and dissolution might cause great injury to plaintiff.

**2. Parties B a—**

Where the court has continued a temporary order restraining the trustee from foreclosing a deed of trust to the final hearing, his order for the joinder of the *cestuis que trustent* as parties defendant is not error.

APPEAL by defendant R. G. Kittrell, substituted trustee, from *Daniels, J.,* at Chambers, 6 February, 1933. From VANCE. Affirmed.

The judgment of the court below is as follows:

"This cause coming on to be heard before his Honor, F. A. Daniels, upon motion of R. G. Kittrell, substituted trustee, to dissolve the restraining order, and after due consideration, and the argument of counsel, the court is of the opinion that the restraining order be continued to the hearing.

It is further ordered as a condition precedent that the plaintiff pay into the office of the clerk of the Superior Court the sum of $40.00 per month from 1 February, 1933, as rent of the property, on the 10th of each month. It is ordered that this case be set for trial on Tuesday, 14 March, 1933, of Vance Superior Court.

At Halifax, N. C., 6 February, 1933. F. A. Daniels, judge, etc.

It appearing to the court that the First and Merchants National Bank of Richmond, Va., and Home Mortgage Corporation or its successors are necessary parties, it is ordered that said parties be made parties defendant in the manner provided by law. F. A. DANIELS, *Judge.*"

The defendant made the following exceptions and assignments of error and appealed to the Supreme Court:

"1. Defendant R. G. Kittrell, substituted trustee, excepts to the refusal of the court to dissolve the restraining order.

2. R. G. Kittrell, substituted trustee, excepts to the order of the court continuing the restraining order to hearing.

3. R. G. Kittrell, substituted trustee, excepts to the order of the court making the First and Merchants National Bank of Richmond, Va., and Home Mortgage Corporation or its successors parties to the above proceeding.

4. R. G. Kittrell, substituted trustee, excepts to the judgment as rendered.

5. R. G. Kittrell, substituted trustee, excepts to the signing of said judgment by the court."

*J. H. Bridgers, Jasper B. Hicks and A. A. Bunn for plaintiff.*
*Perry & Kittrell for defendants.*

PER CURIAM. The questions involved: (1) Did the court err in preserving the *status quo* upon the facts set forth in this action and appear-

ing from the pleadings? (2) Did the court err in making the Home Mortgage Corporation and First and Merchants National Bank of Richmond, Va., parties 'defendant, where it appeared upon the record that they claimed to be beneficiaries under the deed of trust sought to be foreclosed? We think both questions must be answered in the negative.

In *Holder v. Mortgage Co., ante,* 207 (208), speaking to the subject, we find: "Injunctions generally will continue, where it will not harm defendant and may cause great injury to plaintiff, if dissolved. *Wentz v. Land Co.,* 193 N. C., 32; *Brinkley v. Norman,* 190 N. C., 851; *Cullins v. State College,* 198 N. C., 337. Temporary restraining order will be continued until hearing, where serious controversy exists, and continuance cannot harm defendant, while dissolving might injure plaintiff, *Brown v. Aydlett,* 193 N. C., 832."

There was no error in the court below making the *cestuis que trustent* parties to the action. This matter was decided in *Bank v. Thomas,* 204 N. C., 599. The judgment of the court below is

Affirmed.