SAM J. HUSKINS AND WIFE, MRS. SAM J. HUSKINS v. YANCEY HOSPITAL, INC.

(Filed 14 October, 1953.)

**1. Injunctions § 8—**

The purpose of an interlocutory injunction is to preserve the *status quo* of the subject matter of the suit until a trial can be had on the merits.

**2. Same—**

An interlocutory injunction will not ordinarily issue to remedy a wrong committed before suit is brought.

**3. Same—**

An interlocutory injunction will not lie to take land out of the possession of one party and place it in the possession of another, nor to prevent the party in possession from making a reasonable use of the land actually occupied by him under claim of right.

**4. Same—**

While, upon the hearing to determine whether an interlocutory injunction should issue, the court may not decide the cause upon its merits, plaintiff must make out an apparent case as the basis for the writ.

**5. Same—**

Even though plaintiff makes out an apparent case for the issuance of an interlocutory injunction by showing some recognized equity, the court must nevertheless exercise its sound discretion in determining whether the writ should issue, and to this end must weigh the conflicting affidavits and other evidence of the parties relative to the conveniences and inconveniences which would result from the issuance of the writ, and should refuse to grant the writ when it would cause great injury to defendant and confer little benefit in comparison upon plaintiff.

**6. Same—**

The findings of fact and other proceedings of the judge who hears an application for an interlocutory injunction are not binding on the parties at the trial on the merits, and are indeed incompetent to be considered by the court or the jury upon the final hearing.

**7. Appeal and Error § 40c—**

While the Supreme Court is not bound by the findings of the lower court upon the hearing of an application for an interlocutory injunction, and may review the evidence and findings of fact for itself, the presumption is that the findings of the hearing judge are correct and the burden is upon appellant to assign and show error in them.

**8. Injunctions § 8—Interlocutory injunction held properly denied upon facts of this case.**

Upon this hearing on an application for an interlocutory injunction, it appeared that there was a dispute between the parties as to the location of the dividing line between their lands, and that prior to the issuance of summons, defendant had excavated and partially paved a driveway which

plaintiffs contended was upon their land. It further appeared that plaintiffs' land contained no structure of any kind and that the construction of the driveway did not interfere with any present use of the land by plaintiffs but was necessary for convenient ingress to defendant's building. *Held:* Upon the court's finding that defendant was in the actual occupancy of the land under claim of right, the issuance of the interlocutory injunction was properly refused, since such writ will not lie to enjoin a person from making a reasonable use of land actually occupied by him under claim of right, and further, the writ would have been properly denied even if plaintiffs were in constructive possession, since any injury to plaintiffs incident to the completion of the driveway would be inconsequential and remedial by mandatory injunction upon a final determination of the cause in their favor, and the issuance of the writ would cause great hardship to defendants.

APPEAL by plaintiffs from *Clement, J.,* at August Term, 1953, of YANCEY.

Application for an interlocutory injunction.

The essential facts are stated in the numbered paragraphs set forth below.

1. The plaintiffs Sam J. Huskins and Mrs. Sam J. Huskins and the defendant Yancey Hospital, Inc., own adjoining parcels of land on West Main Street in the Town of Burnsville.

2. The land of the plaintiffs contains no structure of any kind.

3. The land of the defendant is occupied by a hospital in which medical and surgical care is furnished to sick and injured patients.

4. A driveway connects West Main Street with the east end of the hospital, where patients traveling in ambulances and other vehicles are admitted and discharged.

5. The driveway occupies a narrow strip of land near the dividing line between the properties of the plaintiffs and the defendant. The parties make adverse claims to the ownership of this narrow strip, the plaintiffs asserting that it is embraced by the boundaries of their land and the defendant insisting that it is included within the limits of its land.

6. The driveway was originally established and used by Dr. W. A. Laughrun, a predecessor in title of the defendant.

7. The defendant excavated the narrow strip of land in dispute to enable it to remodel and pave the driveway.

8. This action was brought after the excavation had been fully completed and the paving of the remodeled driveway had been largely finished.

9. The complaint reveals the matters set forth in paragraphs 1, 2, 5, 7, and 8. It alleges additionally that the plaintiffs own and possess the narrow strip of land mentioned in paragraph 5; that the defendant trespassed upon it, and made the excavation and driveway mentioned in paragraphs 7 and 8; that the excavation damaged the narrow strip in the

sum of at least $1,000.00; and that the defendant will commit continuous trespasses upon the narrow strip in the future unless it is enjoined from so doing. The complaint prays that the plaintiffs recover final judgment against the defendant for damages totaling $1,000.00; that a permanent injunction issue after trial on the merits perpetually enjoining the defendant from trespassing upon the narrow strip; and that the defendant be restrained from entering upon the narrow strip until trial on the merits is had.

10. On the date of the commencement of this action, to wit, 27 July, 1953, his Honor J. Will Pless, Jr., the Resident Judge of the judicial district embracing Yancey County, acting on the *ex parte* application of the plaintiffs, issued a restraining order prohibiting the defendant from entering upon the narrow strip until the propriety of the granting of an interlocutory injunction could be determined by his Honor John H. Clement, the Judge presiding at the August Term, 1953, of the Superior Court of Yancey County.

11. When the cause was heard by him, Judge Clement considered the complaint, which is verified, and supporting affidavits introduced by the plaintiffs; counter-affidavits offered by the defendant; and a supplemental affidavit submitted by plaintiffs in rebuttal of the defendant's counter-affidavits. The complaint and the supporting affidavits recite the matters stated in paragraphs 1, 2, 5, 7, 8, and 9. The counter-affidavits of the defendant set out the facts embodied in paragraphs 1, 2, 3, 4, 5, 6, 7, and 8. The counter-affidavits also declare that the defendant owns and possesses the narrow strip in dispute; that the defendant and its predecessors have enjoyed the exclusive possession of the narrow strip throughout the 40 years next preceding the hearing; that the continued use of the driveway by the defendant is essential to the operation of the hospital because it constitutes the only practical route by which patients traveling in ambulances and other vehicles can be admitted and discharged; and that the plaintiffs are not using their land on West Main Street in any way whatever. The supplemental affidavit submitted by the plaintiffs asserts that the defendant's predecessor in title, Dr. W. A. Laughrun, used the driveway by permission of the plaintiffs.

12. After considering the complaint and the affidavits, Judge Clement found as facts that the defendant is in the possession of the narrow strip in dispute; that "the defendant and its predecessors in title have been in possession thereof for many years"; and "that there is a dispute over the location of the boundary line between the plaintiffs and the defendant in this action." He concluded as a matter of law that the plaintiffs are not entitled to an interlocutory injunction, and entered an order accordingly. The plaintiffs excepted and appealed, assigning as errors the findings of fact, the conclusion of law, and the resultant order.

*R. W. Wilson, Bill Atkins,* and *Charles Hutchins* for plaintiffs, appellants.

*C. P. Randolph, Fouts & Watson,* and *W. E. Anglin* for defendant, appellee.

ERVIN, J.   The appeal challenges the validity of the order of Judge Clement denying the application of the plaintiffs for an interlocutory injunction to enjoin the defendant from using the strip of land in dispute as a driveway until the conflicting claims of the parties to its ownership are determined by a trial on the merits.   As a consequence, our decision must turn on the relevant rules which govern the granting or refusing of injunctions of this character.   These rules are as follows :

1. The purpose of an interlocutory injunction is to preserve the *status quo* of the subject matter of the suit until a trial can be had on the merits. *Arey v. Lemons,* 232 N.C. 531, 61 S.E. 2d 596; *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383; *S. v. Scott,* 182 N.C. 865, 109 S.E. 789; *Harrison v. Bray,* 92 N.C. 488.   For this reason, an interlocutory injunction will not ordinarily issue to remedy a wrong committed before suit is brought. *R. R. v. R. R.,* 237 N.C. 88, 74 S.E. 2d 430; *Fremont v. Baker,* 236 N.C. 253, 72 S.E. 2d 666; *Branch v. Board of Education,* 230 N.C. 505, 53 S.E. 2d 455; *Groves v. McDonald,* 223 N.C. 150, 25 S.E. 2d 387; *Jackson v. Jernigan,* 216 N.C. 401, 5 S.E. 2d 143; *Yount v. Setzer,* 155 N.C. 213, 71 S.E. 209; 28 Am. Jur., Injunctions, section 5.

2. Injunction is not a possessory remedy.   43 C.J.S., Injunctions, section 52.   Hence, an interlocutory injunction does not lie to take land out of the possession of one party and place it in the possession of another. *Fremont v. Baker, supra; Arey v. Lemons, supra; Armstrong v. Armstrong,* 230 N.C. 201, 52 S.E. 2d 362; *Young v. Pittman,* 224 N.C. 175, 29 S.E. 2d 551; *Jackson v. Jernigan, supra; Spoor-Thompson Mach. Co. v. Bennett Film Laboratories,* 105 N. J. Eq. 108, 147 A. 202.   Moreover, an interlocutory injunction will not issue to enjoin a party from making a reasonable use of land actually occupied by him under claim of right. *Arey v. Lemons, supra; Jackson v. Jernigan, supra;* 32 C.J., Injunctions, section 173.

3. The hearing judge does not issue an interlocutory injunction as a matter of course merely because the plaintiff avowedly bases his application for the writ on a recognized equitable ground.   While equity does not permit the judge who hears the application to decide the cause on the merits, it does require him to exercise a sound discretion in determining whether an interlocutory injunction should be granted or refused. *Branch v. Board of Education, supra;* 28 Am. Jur., Injunctions, section 268. The hearing judge considers and weighs the affidavits or other evidence of the opposing parties for the purpose of ascertaining whether the plain-

tiff has made out an apparent case for the issuance of an interlocutory injunction and whether the granting of an interlocutory injunction would work greater injury to the defendant than is reasonably necessary for the protection of the plaintiff. *Tobacco Association v. Bland,* 187 N.C. 356, 121 S.E. 638; *Blackwell Mfg. Co. v. McElwee,* 94 N.C. 425.

4. The hearing judge necessarily refuses an interlocutory injunction if the plaintiff fails to make out an apparent case for the issuance of the writ. *Fremont v. Baker, supra; Comfort Spring Corp. v. Burroughs,* 217 N.C. 658, 9 S.E. 2d 473; *Reyburn v. Sawyer,* 128 N.C. 8, 37 S.E. 954.

5. In determining the propriety of issuing an interlocutory injunction, the hearing judge considers and weighs the relative conveniences and inconveniences which the parties will suffer by the granting or the refusing of the writ. *Boone v. Boone, supra;* 28 Am. Jur., Injunctions, section 54; 43 C.J.S., Injunctions, sections 30, 227. An injunction of this nature should be granted where the injury which the defendant would suffer from its issuance is slight as compared with the damage which the plaintiff would sustain from its refusal, if the plaintiff should finally prevail. *Banner v. Button Corporation,* 209 N.C. 697, 184 S.E. 508; *Little v. Trust Co.,* 208 N.C. 726, 182 S.E. 491; *Hare v. Hare,* 207 N.C. 849, 178 S.E. 545; *Porter v. Insurance Co.,* 207 N.C. 646, 178 S.E. 223; *Boushiar v. Willis,* 207 N.C. 511, 177 S.E. 632; *Troutman v. Shuford,* 206 N.C. 909, 174 S.E. 230; *Teeter v. Teeter,* 205 N.C. 438, 171 S.E. 620; *Ferebee v. Thomason,* 205 N.C. 263, 171 S.E. 64; *Holder v. Mortgage Co.,* 205 N.C. 207, 170 S.E. 630; *Castle v. Threadgill,* 203 N.C. 441, 166 S.E. 313; *Parker Co. v. Bank,* 200 N.C. 441, 157 S.E. 419; *Cullins v. State College,* 198 N.C. 337, 151 S.E. 646; *R. R. v. Transit Co.,* 195 N.C. 305, 141 S.E. 882; *Brown v. Aydlett,* 193 N.C. 832, 136 S.E. 721; *Wentz v. Land Co.,* 193 N.C. 32, 135 S.E. 480; *Brinkley v. Norman,* 190 N.C. 851, 129 S.E. 145; *Johnson v. Jones,* 186 N.C. 235, 119 S.E. 231; *Seip v. Wright,* 173 N.C. 14, 91 S.E. 359; *Blackwell Mfg. Co. v. McElwee, supra; McBrayer v. Hardin,* 42 N.C. 1, 53 Am. D. 389. But an interlocutory injunction should be refused when its issuance would cause great injury to the defendant and confer little benefit in comparison upon the plaintiff. *Tobacco Association v. Bland, supra; Hurwitz v. Sand Co.,* 189 N.C. 1, 126 S.E. 171; *Railway Co. v. Mining Co.,* 112 N.C. 661, 17 S.E. 77; *Railroad Co. v. Railroad Co.,* 88 N.C. 79.

6. The hearing judge may issue an interlocutory injunction upon the application of the plaintiff in actual or constructive possession to enjoin a trespass on land when the trespass would be continuous in nature and produce injury to the plaintiff during the litigation. General Statutes, sections 1-485, 1-486; *R. R. v. Transit Co., supra; Sutton v. Sutton,* 161 N.C. 665, 77 S.E. 838; *Stewart v. Munger,* 174 N.C. 402, 93 S.E. 927. The rule that the judge will consider and weigh the relative conveniences

and inconveniences to the parties in determining the propriety of the injunction is operative here. In consequence, an interlocutory injunction against a trespass should be refused where its issuance would confer little benefit on the plaintiff and cause great inconvenience to the defendant. 28 Am. Jur., Injunctions, section 141.

7. The findings of fact and other proceedings of the judge who hears the application for an interlocutory injunction are not binding on the parties at the trial on the merits. Indeed, these findings and proceedings are not proper matters for the consideration of the court or jury in passing on the issues determinable at the final hearing. *Branch v. Board of Education, supra; Grantham v. Nunn,* 188 N.C. 239, 124 S.E. 309; *Hudnell v. Lumber Co.,* 180 N.C. 48, 103 S.E. 893.

8. On an appeal from an order granting or refusing an interlocutory injunction, the Supreme Court is not bound by the findings of fact of the judge hearing the application for the writ. It may review and weigh the evidence submitted to the hearing judge and find the facts for itself. The Supreme Court nevertheless indulges the presumption that the findings of the hearing judge are correct, and requires the appellant to assign and show error in them. *Clinard v. Lambeth,* 234 N.C. 410, 67 S.E. 2d 452; *Sineath v. Katzis,* 219 N.C. 434, 14 S.E. 2d 418; *Castle v. Threadgill, supra; Plott v. Comrs.,* 187 N.C. 125, 121 S.E. 190; *Hyatt v. DeHart,* 140 N.C. 270, 52 S.E. 781.

When the transcript of the record on appeal is laid alongside these rules, it is obvious that Judge Clement rightly refused the injunction sought by the plaintiffs.

In reaching this conclusion, we neither overlook nor ignore the allegations of the complaint and the supporting affidavits relating to the excavating of the strip of land and the paving of the remodeled driveway. These allegations do not warrant the award of injunctive relief during the litigation. The excavation was made before the issuance of the summons, and any resultant injury to the plaintiffs falls within the general rule that an interlocutory injunction will not issue to remedy a wrong committed before suit is brought. The paving of the remodeled driveway was almost finished at the time of the issuance of the summons. Any injury to the soil incident to completing the remodeled driveway subsequent to that event will be rather inconsequential in nature and can be readily remedied by incorporating a mandatory injunction for its removal in the final judgment in case the plaintiffs prevail at the trial on the merits.

The plaintiffs really base their demand for injunctive relief pending the litigation on the theory that they are in the actual or constructive possession of the land in controversy, and its use as a driveway by the defendant constitutes a trespass of a continuous nature. After hearing

the proofs of the parties, however, Judge Clement found, in substance, that the plaintiffs are not in either the actual or the constructive possession of the *locus in quo,* but that, on the contrary, the defendant actually occupies and uses it under a claim of right. He concluded as a matter of law on the basis of these findings of fact that the plaintiffs are not entitled to an interlocutory injunction and entered an order accordingly. His legal conclusion and his resultant refusal of injunctive relief pending the litigation find full sanction in the rules that the hearing judge refuses an interlocutory injunction when the applicant fails to make out an apparent case for its issuance, and that an interlocutory injunction does not lie to enjoin a party from making a reasonable use of land actually occupied by him under claim of right.

The arguments of the plaintiffs and our own investigation of the proofs of the parties do not reveal any reason justifying a disturbance of Judge Clement's findings of fact. We deem it not amiss to observe, however, that the demand of the plaintiffs for injunctive relief pending the litigation would not be substantially strengthened on the present record even if the proofs of the parties did compel us to accept as valid the thesis of the plaintiffs that they are in the actual or constructive possession of the strip of land and its use as a driveway by the defendant constitutes a trespass of a continuous nature. The proofs of the parties indicate rather clearly that the plaintiffs have no present use for the land in controversy, and that its continued employment as a driveway by the defendant at this time is essential to the operation of the hospital because it is the only practical route by which patients traveling by ambulances and other vehicles can be admitted and discharged. The issuance of an interlocutory injunction against the continued use of the land by the defendant under these circumstances would result in no benefit to the plaintiff and cause great hardship to the defendant.

The decision on the application for injunctive relief pending the litigation will have no bearing whatever on the rights of the parties when the action is tried on the merits.

For the reasons given, the order refusing an interlocutory injunction is
Affirmed.