78 S.E.2d 116 (1953)
238 N.C. 357
HUSKINS et ux.
v.
YANCEY HOSPITAL, Inc.
No. 173.
Supreme Court of North Carolina.
October 14, 1953.
*119 R. W. Wilson, Bill Atkins, and Charles Hutchins, Burnsville, for plaintiffs, appellants.
C. P. Randolph, Fouts & Watson, and W. E. Anglin, Burnsville, for defendant, appellee.
ERVIN, Justice.
The appeal challenges the validity of the order of Judge Clement denying the application of the plaintiffs for an interlocutory injunction to enjoin the defendant from using the strip of land in dispute as a driveway until the conflicting claims of the parties to its ownership are determined by a trial on the merits. As a consequence, our decision must turn on the relevant rules which govern the granting or refusing of injunctions of this character. These rules are as follows:
1. The purpose of an interlocutory injunction is to preserve the status quo of the subject matter of the suit until a trial can be had on the merits. Arey v. Lemons, 232 N.C. 531, 61 S.E.2d 596; Boone v. Boone, 217 N.C. 722, 9 S.E.2d 383; State v. Scott, 182 N.C. 865, 109 S.E. 789; Harrison v. Bray, 92 N.C. 488. For this reason, an interlocutory injunction will not ordinarily issue to remedy a wrong committed before suit is brought. Seaboard Air Line R. Co. v. Atlantic Coast Line R. Co., 237 N.C. 88, 74 S.E.2d 430; Town of Fremont v. Baker, 236 N.C. 253, 72 S.E.2d 666; Branch v. Board of Education, 230 N.C. 505, 53 S.E.2d 455; Groves v. McDonald, 223 N.C. 150, 25 S.E.2d 387; Jackson v. Jernigan, 216 N.C. 401, 5 S.E.2d 143; Yount v. Setzer, 155 N.C. 213, 71 S.E. 209; 28 Am.Jur., Injunctions, section 5.
2. Injunction is not a possessory remedy. 43 C.J.S., Injunctions, § 52. Hence, an interlocutory injunction does not lie to take land out of the possession of one party and place it in the possession of another. Fremont v. Baker, supra; Arey v. Lemons, supra; Armstrong v. Armstrong, 230 N.C. 201, 52 S.E.2d 362; Young v. Pittman, 224 N.C. 175, 29 S.E.2d 551; Jackson v. Jernigan, supra; Spoor-Thompson Mach. Co. v. Bennett Film Laboratories, 105 N.J.Eq. 108, 147 A. 202. Moreover, an interlocutory injunction will not issue to enjoin a party from making a reasonable use of land actually occupied by him under claim of right. Arey v. Lemons, supra; Jackson v. Jernigan, supra; 32 C.J., Injunctions, § 173.
3. The hearing judge does not issue an interlocutory injunction as a matter of course merely because the plaintiff avowedly bases his application for the writ on a recognized equitable ground. While *120 equity does not permit the judge who hears the application to decide the cause on the merits, it does require him to exercise a sound discretion in determining whether an interlocutory injunction should be granted or refused. Branch v. Board of Education, supra; 28 Am.Jur., Injunctions, section 268. The hearing judge considers and weighs the affidavits or other evidence of the opposing parties for the purpose of ascertaining whether the plaintiff has made out an apparent case for the issuance of an interlocutory injunction and whether the granting of an interlocutory injunction would work greater injury to the defendant than is reasonably necessary for the protection of the plaintiff. Tobacco Growers' Co-Op. Association v. Bland, 187 N.C. 356, 121 S.E. 636, 638; Blackwell Durham Tobacco Co. v. McElwee, 94 N.C. 425.
4. The hearing judge necessarily refuses an interlocutory injunction if the plaintiff fails to make out an apparent case for the issuance of the writ. Fremont v. Baker, supra; Comfort Springs Corp. v. Burroughs, 217 N.C. 658, 9 S.E.2d 473; Reyburn v. Sawyer, 128 N.C. 8, 37 S.E. 954.
5. In determining the propriety of issuing an interlocutory injunction, the hearing judge considers and weighs the relative conveniences and inconveniences which the parties will suffer by the granting or the refusing of the writ. Boone v. Boone, supra; 28 Am.Jur., Injunctions, section 54; 43 C.J.S., Injunctions, §§ 30, 227. An injunction of this nature should be granted where the injury which the defendant would suffer from its issuance is slight as compared with the damage which the plaintiff would sustain from its refusal, if the plaintiff should finally prevail. Banner v. Carolina Button Corporation, 209 N.C. 697, 184 S.E. 508; Little v. Wachovia Bank & Trust Co., 208 N.C. 726, 182 S.E. 491; Hare v. Hare, 207 N.C. 849, 178 S.E. 545; Porter v. Jefferson Standard Life Insurance Co., 207 N.C. 646, 178 S.E. 223; Boushiar v. Willis, 207 N.C. 511, 177 S.E. 632; Troutman v. Shuford, 206 N.C. 909, 174 S.E. 230; Teeter v. Teeter, 205 N.C. 438, 171 S.E. 620; Ferebee v. Thomason, 205 N.C. 263, 171 S.E. 64; Holder v. Home Mortgage Co., 205 N.C. 207, 170 S.E. 630; Castle v. Threadgill, 203 N.C. 441, 166 S.E. 313; Parker Co. v. Bank, 200 N.C. 441, 157 S.E. 419; Cullins v. North Carolina State College, 198 N.C. 337, 151 S.E. 646; Norfolk So. R. R. v. Rapid Transit Co., 195, N.C. 305, 141 S.E. 882; Brown v. Aydlett, 193 N.C. 832, 136 S.E. 721; Wentz v. Piedmont Land Co., 193 N.C. 32, 135 S.E. 480; Brinkley v. Norman, 190 N.C. 851, 129 S.E. 145; Johnson v. Jones, 186 N.C. 235, 119 S.E. 231; Seip v. Wright, 173 N.C. 14, 91 S.E. 359; Blackwell Durham Tobacco Co. v. McElwee, supra; McBrayer v. Hardin, 42 N.C. 1, 53 Am.Dec. 389. But an interlocutory injunction should be refused when its issuance would cause great injury to the defendant and confer little benefit in comparison upon the plaintiff. Tobacco Growers' Co-Op. Association v. Bland, supra; Hurwitz v. Carolina Sand & Gravel Co., 189 N.C. 1, 126 S.E. 171; Railway Co. v. Glendon & G. Mining Co., 112 N.C. 661, 17 S.E. 77; Western N. C. Railroad Co. v. Georgia & N. C. Railroad Co., 88 N.C. 79.
6. The hearing judge may issue an interlocutory injunction upon the application of the plaintiff in actual or constructive possession to enjoin a trespass on land when the trespass would be continuous in nature and produce injury to the plaintiff during the litigation. G.S. §§ 1-485, 1-486; Norfolk So. R. R. v. Rapid Transit Co., supra; Sutton v. Sutton, 161 N.C. 665, 77 S.E. 838; Stewart v. Munger, 174 N.C. 402, 93 S.E. 927. The rule that the judge will consider and weigh the relative conveniences and inconveniences to the parties in determining the propriety of the injunction is operative here. In consequence, an interlocutory injunction against a trespass should be refused where its issuance would confer little benefit on the plaintiff and cause great inconvenience to the defendant. 28 Am.Jur., Injunctions, section 141.
7. The findings of fact and other proceedings of the judge who hears the application for an interlocutory injunction are not binding on the parties at the trial on *121 the merits. Indeed, these findings and proceedings are not proper matters for the consideration of the court or jury in passing on the issues determinable at the final hearing. Branch v. Board of Education, supra; Grantham v. Nunn, 188 N.C. 239, 124 S.E. 309; Hudnell v. East Carolina Lumber Co., 180 N.C. 48, 103 S.E. 893.
8. On an appeal from an order granting or refusing an interlocutory injunction, the Supreme Court is not bound by the findings of fact of the judge hearing the application for the writ. It may review and weigh the evidence submitted to the hearing judge and find the facts for itself. The Supreme Court nevertheless indulges the presumption that the findings of the hearing judge are correct, and requires the appellant to assign and show error in them. Clinard v. Lambeth, 234 N.C. 410, 67 S.E.2d 452; Sineath v. Katzis, 219 N.C. 434, 14 S.E.2d 418; Castle v. Threadgill, supra; Plott v. Board of Com'rs, 187 N.C. 125, 121 S.E. 190; Hyatt v. DeHart, 140 N.C. 270, 52 S.E. 781.
When the transcript of the record on appeal is laid alongside these rules, it is obvious that Judge Clement rightly refused the injunction sought by the plaintiffs.
In reaching this conclusion, we neither overlook nor ignore the allegations of the complaint and the supporting affidavits relating to the excavating of the strip of land and the paving of the remodeled driveway. These allegations do not warrant the award of injunctive relief during the litigation. The excavation was made before the issuance of the summons, and any resultant injury to the plaintiffs falls within the general rule that an interlocutory injunction will not issue to remedy a wrong committed before suit is brought. The paving of the remodeled driveway was almost finished at the time of the issuance of the summons. Any injury to the soil incident to completing the remodeled driveway subsequent to that event will be rather inconsequential in nature and can be readily remedied by incorporating a mandatory injunction for its removal in the final judgment in case the plaintiffs prevail at the trial on the merits.
The plaintiffs really base their demand for injunctive relief pending the litigation on the theory that they are in the actual or constructive possession of the land in controversy, and its use as a driveway by the defendant constitutes a trespass of a continuous nature. After hearing the proofs of the parties, however, Judge Clement found, in substance, that the plaintiffs are not in either the actual or the constructive possession of the locus in quo, but that, on the contrary, the defendant actually occupies and uses it under a claim of right. He concluded as a matter of law on the basis of these findings of fact that the plaintiffs are not entitled to an interlocutory injunction and entered an order accordingly. His legal conclusion and his resultant refusal of injunctive relief pending the litigation find full sanction in the rules that the hearing judge refuses an interlocutory injunction when the applicant fails to make out an apparent case for its issuance, and that an interlocutory injunction does not lie to enjoin a party from making a reasonable use of land actually occupied by him under claim of right.
The arguments of the plaintiffs and our own investigation of the proofs of the parties do not reveal any reason justifying a disturbance of Judge Clement's findings of fact. We deem it not amiss to observe, however, that the demand of the plaintiffs for injunctive relief pending the litigation would not be substantially strengthened on the present record even if the proofs of the parties did compel us to accept as valid the thesis of the plaintiffs that they are in the actual or constructive possession of the strip of land and its use as a driveway by the defendant constitutes a trespass of a continuous nature. The proofs of the parties indicate rather clearly that the plaintiffs have no present use for the land in controversy, and that its continued employment as a driveway by the defendant at this time is essential to the operation of the hospital because it is the only practical route by which patients traveling by ambulances and other vehicles can be admitted and discharged. The issuance of an interlocutory injunction against the continued *122 use of the land by the defendant under these circumstances would result in no benefit to the plaintiff and cause great hardship to the defendant.
The decision on the application for injunctive relief pending the litigation will have no bearing whatever on the rights of the parties when the action is tried on the merits.
For the reasons given, the order refusing an interlocutory injunction is
Affirmed.